J. S67031/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND CHARLES WHITE, | : | |
| | : | |
| Appellant | : | No. 655 WDA 2014 |

Appeal from the PCRA Order February 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0013548-2000

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JANUARY 07, 2015**

Appellant, Raymond Charles Whites, appeals *pro se* from the dismissal of his second Post Conviction Relief Act[1] (PCRA) petition after another panel of this Court remanded for further proceedings in this matter.[2] In light of our previous order, and because the PCRA court has not yet entered an order relieving appointed counsel from representing Appellant, we are again constrained to remand this matter.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Commonwealth v. White***, 910 WDA 2012 (unpublished memorandum at 2) (Pa. Super. Jan. 28, 2013).

On July 23, 2002, a jury found Appellant guilty of third-degree murder and conspiracy. On October 23, 2002, the trial court sentenced him to an aggregate thirty to sixty years' imprisonment. On August 24, 2004, this Court affirmed the judgment of sentence. *Commonwealth v. White*, 2072 WDA 2002 (unpublished memorandum) (Pa. Super. Aug. 24, 2004). Appellant, who was represented by private counsel, did not file a petition for allowance of appeal.

On January 19, 2006, the PCRA court received Appellant's first *pro se* PCRA petition. Appellant, in relevant part, alleged direct appeal counsel abandoned him by refusing to file a petition for allowance of appeal. Appellant further asserted that prison officials interfered with his ability to raise additional PCRA claims. The court appointed counsel, who, in turn, filed a petition to withdraw from representation and a *Turner*/*Finley*, no-merit letter.[3] On July 10, 2007, the court granted counsel's petition to withdraw and, pursuant to Pa.R.Crim.P. 907, issued a notice of its intent to dismiss the petition. On August 16, 2007, the court dismissed Appellant's first PCRA petition. Appellant took a *pro se* appeal, and this Court affirmed, holding that his PCRA petition was untimely and failed to state an exception to the PCRA time bar. *Commonwealth v. White*, 1881 WDA 2007 (unpublished memorandum at 1) (Pa. Super. June 2, 2008). The

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 30, 2008.

Appellant filed his second *pro se* PCRA petition, which the PCRA court received on October 27, 2008. Appellant again alleged direct appeal counsel abandoned him by failing to file a petition for allowance of appeal. The PCRA court appointed Patrick K. Nightingale, Esq., to represent Appellant. Attorney Nightingale requested an extension of time, but informed the court by letter dated November 9, 2009, that he believed Appellant's second PCRA petition was time barred and/or meritless and requested leave to withdraw. At that time, the record did not indicate that Appellant received a copy of counsel's letter.

On November 24, 2009, the PCRA court entered an order granting Attorney Nightingale an extension of time to file a PCRA petition or a "***Turner*** letter" within ninety days. No further action was taken of record until July 7, 2010, when the court issued a notice of its intent to dismiss the petition, which was distributed to PCRA counsel but not served on Appellant. The court, on October 20, 2010, entered an order dismissing Appellant's second *pro se* PCRA petition. However, the court did not relieve PCRA counsel from representing Appellant.

On December 21, 2011, the PCRA court received Appellant's third *pro se* PCRA petition, claiming he did not receive notice of the PCRA court's intent to dismiss his second PCRA petition. The court issued a Rule 907

notice on March 22, 2012, and entered an order dismissing that petition on April 12, 2012. Appellant took a *pro se* appeal to this Court.

In the most recent appeal from the dismissal of Appellant's third PCRA petition, we adopted the suggestion of the Commonwealth that "the appropriate remedy would be a remand to the PCRA Court to return [Appellant] to the time of the filing of the November 9, 2009 no merit letter and to move forward from there." **White**, 910 WDA 2012 at 2 (internal quotation marks omitted). We thus reversed the PCRA court's order and remanded the case with the following instructions:

> Because PCRA counsel was never granted leave to withdraw, he remains counsel of record and should send a copy of his "no-merit" letter to Appellant. If, after its independent review of the record, the PCRA court agrees with PCRA counsel's assessment, the PCRA court shall then provide Rule 907 notice to Appellant of its intent to dismiss, so that Appellant may have an opportunity to respond. **See generally, Commonwealth v. Doty**, 48 A.3d 451 (Pa. Super. 2012).

*Id.* at 2 (emphasis added).

Following remand, Attorney Nightingale filed a petition for reinstatement of Appellant's second PCRA petition, wherein he requested the PCRA court to "take whatever action the [c]ourt deems appropriate in light of within counsel's no-merit letter." Appellant's Pet. for Reinstatement of PCRA, *Nunc Pro Tunc*, 2/13/13, at 2. The PCRA court, on November 15, 2013, entered a Rule 907 notice of its intent to dismiss Appellant's second petition as frivolous, but did not grant Attorney Nightingale's extant request

to withdraw. The November 15th notice was distributed to Attorney Nightingale and Appellant. Appellant, after receiving an extension of time from the PCRA court, filed a *pro se* response to the Rule 907 notice.

In his response, Appellant acknowledged that Attorney Nightingale filed a no-merit letter and sought leave to withdraw from representation. Appellant's Response to Notice of Intent to Dismiss, 2/24/14, at 4. He asserted, however, that his second PCRA petition was timely under 42 Pa.C.S. § 9545(b)(1)(ii) and *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), and sought leave to amend his petition to include that argument. *Id.* at 1. According to Appellant, he did not discover direct appeal counsel failed to file a petition for allowance of appeal until December 11, 2005, when he received a copy of the docket from the clerk of courts. *Id.* at 5. He asserted he filed his first PCRA petition within sixty days of his actual discovery of direct appeal counsel's omission and the instant second PCRA petition within sixty days of the conclusion of his appeal from the dismissal of his first PCRA petition. *Id.* at 6-7. Thus, Appellant asserted his claim of direct appeal counsel's abandonment was timely presented in the underlying second PCRA petition and that Attorney Nightingale's motion to withdraw should be denied. *Id.* at 7-8. The record shows that Appellant did not serve Attorney Nightingale with a copy of his *pro se* response, and there is no indication that the PCRA court forwarded the response to counsel.

J. S67031/14

The PCRA court, on February 24, 2014, entered the underlying order dismissing Appellant's *pro se* second PCRA petition, but did not expressly grant Attorney Nightingale leave to withdraw. Appellant, acting pro se, took the instant appeal. Although Appellant failed to respond to the PCRA court's April 7, 2014 order to file a Pa.R.A.P. 1925(b) statement, the court reissued that order on May 5, 2014, and Appellant filed a statement of errors complained of on appeal.

Appellant, in his *pro se* brief, contends he is entitled to a PCRA time-bar exception under 42 Pa.C.S. § 9545(b)(1)(ii) with respect to his second PCRA petition and an evidentiary hearing on his claim of abandonment by direct appeal counsel. Appellant's arguments echo those set forth in his *pro se* response to the PCRA court's Rule 907 notice.

At the outset, we observe that the PCRA court has not entered an order of record permitting Attorney Nightingale to withdraw. Therefore, Attorney Nightingale remains counsel of record for the purposes of this appeal. **See** Pa.R.Crim.P. 904(F)(2) (stating "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief") For this reason alone, we may not address the merits of Appellant's *pro se* claims. **See** Pa.R.A.P. 3304; **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011).

- 6 -

Appellant is, at a minimum, entitled to a **Grazier**[4] hearing to determine whether he has knowingly, intelligently, and voluntarily waived the assistance of counsel of record. However, given the increasingly complicated procedural history underlying the litigation of this second PCRA petition, and because counsel appointment remains effective until a court grants leave to withdraw, we remand for the PCRA court to determine counsel's current status in this matter with the following instructions.

The PCRA court shall determine Attorney Nightingale's status in this matter within fifteen days of the filing of this memorandum. If the court determines counsel was permitted to withdraw, it shall supplement the record with the order granting withdrawal, and we will proceed to address Appellant's issues raised in his *pro se* brief. If, however, counsel was not allowed to withdraw, Appellant may elect to proceed *pro se* in this appeal, in which case, the court shall conduct a **Grazier** colloquy and inform this Court of Appellant's waiver of the assistance of counsel. Should Appellant elect

---

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). As this is technically a second PCRA petition, Appellant is not entitled to counsel as of right. **See Commonwealth v. Kubis**, 808 A.2d 196, 200 (Pa. Super. 2002) ("the Pennsylvania Rules of Criminal Procedure provide that the PCRA court shall appoint an attorney to represent a petitioner during his **first** PCRA petition when he demonstrates that he is 'unable to afford or otherwise procure counsel.' [N]o such right exists for subsequent PCRA petitions[.]"). Nevertheless, the PCRA court appointed counsel in the underlying matter. **See** Pa.R.Crim.P. 904(F)(2); **see also** Pa.R.P.C. 1.1, 1.3 (requiring counsel provide "competent, thorough, and prepared representation" and representation be diligent and zealous). Consequently, we invoke the **Grazier** requirement.

not to proceed *pro se*, Attorney Nightingale shall file in this Court either an advocate's brief or a no-merit letter and petition to withdraw pursuant to **Turner**/**Finley** within sixty days of the filing of this memorandum. The Commonwealth shall have the right to file an amended appellee's brief in response to counsel's filings.

Case remanded. Panel jurisdiction retained.