**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**George V. KUBIS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 29, 2002.

Filed Sept. 19, 2002.

George V. Kubis, appellant, pro se.

Mary M. Killinger, Assistant District Attorney, Norristown, for Com.

Before: JOHNSON, BOWES, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 George Kubis appeals *nunc pro tunc* from the lower court's denial of his petition for relief pursuant to the Post Conviction Relief Act ("PCRA" or "Act"), 42 Pa.C.S. § 9541 *et seq.*[1] We affirm.

---

1. Appellant claims to appeal from the September 21, 2000, order permitting him to appeal *nunc pro tunc*. This order reinstated his right to appeal the April 27, 2000, dismiss-al of his first PCRA petition. Appellant's brief indicates that he clearly intended to appeal from the later order.

¶ 2 On January 20, 1995, after a jury trial, appellant was convicted of two counts of robbery, two counts of theft of movable property, and two counts of possession of an instrument of a crime. The evidence at trial demonstrated that in September 1993, a man identified as appellant cased two gas stations in Philadelphia and then robbed them at knifepoint. Several days after these robberies, two police officers spotted a car matching a description of the thief's car at a third gas station. The officers testified that the gas station attendant ran from that store screaming that he was about to be robbed. Appellant then exited the store and entered his car. The officers approached appellant's car and arrested him for suspicion of DUI after observing his behavior. The station attendants from both robberies identified appellant as the man who robbed them, and they later testified to this at trial.

¶ 3 The court sentenced appellant on all charges to an aggregate term of six to thirteen years of imprisonment followed by two years of probation. On August 18, 1995, appellant filed a timely direct appeal from his judgment of sentence alleging twenty-one grounds of error. The trial court issued a 1925(a) opinion on October 22, 1996, and this Court denied appellant's appeal in an order dated April 11, 1997.[2] Appellant then filed an application for reargument, which we denied on June 23, 1997. He did not file a petition for allowance of appeal with the Supreme Court.[3]

¶ 4 Through his counsel, Theodore Thompson, appellant filed a PCRA petition on March 31, 1999, in which he set forth various claims of prior counsel's ineffectiveness.[4] Attorney Thompson petitioned the court to withdraw as counsel, and the court granted his petition. The court then appointed Attorney Paul A. Bauer, III who filed an amended PCRA petition on appellant's behalf but did not address the apparent untimeliness of his petition. The lower court dismissed this petition as untimely on April 27, 2000, after a hearing. Counsel sent a letter to appellant notifying him of his right to appeal, but he was moved to another prison and did not receive it. As a result, he missed the deadline.

¶ 5 At appellant's request, Attorney Bauer then filed a Petition to Withdraw as Counsel and a Motion to File Appeal Nunc Pro Tunc. The court granted the petition to withdraw and permitted appellant to appeal the April 27, 2000, order *nunc pro tunc.* Appellant filed the instant appeal in which he maintains that: (1) he filed his March 31, 1999, petition within one year of the date his judgment of sentence became final; (2) even if he did not comply with this deadline, his petition falls within the after discovered evidence exception; (3) he did not receive effective assistance of counsel in preparing that petition; and (4) the court erred in failing to appoint counsel on the instant appeal. Appellant's Brief at 3.

¶ 6 Before we may address these issues, we must determine whether appel-

2. This order was not filed on the record until August 18, 1997.

3. Appellant claims to have filed a Petition For Assumption of Extraordinary Jurisdiction with the Supreme Court, but we find no evidence of such a petition in the record. Nevertheless, this petition was allegedly filed after the judgment of sentence became final, and therefore will not affect our timeliness analysis under the PCRA.

4. Appellant filed a premature PCRA petition in 1996 while his direct appeal was still pending. The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final. Therefore, this premature petition does not constitute a first PCRA petition.

lant's appeal *nunc pro tunc* constitutes a continuation of his first PCRA petition or a second petition. We have repeatedly held that the PCRA provides the sole means for obtaining collateral review and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition. *Commonwealth v. Hutchins,* 760 A.2d 50, 52 n. 1 (Pa.Super.2000). Since appellant's first PCRA petition was dismissed and he did not appeal that dismissal, this subsequent filing must be considered a second PCRA petition.

¶ 7 In certain limited circumstances, we have held a second PCRA petition to be "merely an extension of Appellant's first PCRA petition" for purposes of calculating timeliness. *Commonwealth v. Leasa,* 759 A.2d 941, 942 (Pa.Super.2000). In *Leasa,* the petitioner's appeal of the dismissal of his first PCRA petition was dismissed "without prejudice" due to his attorney's failure to file an appellate brief. *Id.* at 941. Counsel's error effectively waived the petitioner's substantive claims of error. *Id.* The petitioner successfully petitioned the lower court to reinstate his appeal rights *nunc pro tunc.* *Id.* On appeal, we held that although the petition asking for reinstatement was technically a second PCRA petition, we would treat it as an extension of his timely first petition. *Id.* at 942. In reaching this conclusion, we emphasized that the first PCRA petition and the appeal of its dismissal were timely filed, and that that original appeal was dismissed without prejudice as a result of counsel's error. *Id.*

¶ 8 This Court reached a similar result in *Commonwealth v. Peterson,* in which we ruled that it was in the interests of justice to treat the petitioner's second PCRA petition as an extension of his first petition. 756 A.2d 687, 689 (Pa.Super.2000). Court-appointed counsel in that case failed to file an amended PCRA petition as ordered by the court, and the petition was dismissed "without prejudice" as a result. *Id.* at 688. As in *Leasa,* the petitioner's substantive issues were "effectively waived" as a result of his attorney's blatant mistake. *Id.* Although counsel had sought to withdraw pursuant to *Turner/Finley,* he nevertheless abandoned his client in preparing this petition and in appealing its dismissal. *Id.* Since the petitioner's PCRA petition was dismissed as a result of counsel's failure to comply with the court's order, we ruled that he had not received the "benefit of a counseled appeal." *Id.* Therefore, we considered his untimely second PCRA to be an extension of his timely first petition. *Id.* at 689.

¶ 9 These two cases, however, do not stand for the proposition that we will treat a second PCRA petition as an extension of the first petition every time appointed counsel is deemed ineffective. In *Leasa* and *Peterson,* counsel's ineffectiveness was so severe that it "effectively waived" the petitioners' claims for relief and resulted in the dismissal of their petitions.

¶ 10 While the failure to address the apparent untimeliness of a petitioner's first PCRA petition constitutes ineffective assistance of counsel under Pa.R.Crim.P. 904, *Commonwealth v. Perez,* 799 A.2d 848, 2002 WL 1014464, at *4 (Pa.Super. May 21, 2002), this error does not rise to the level of severity needed to come within the limited exception created by *Leasa* and *Peterson.* In *Perez,* the petitioner's counsel made no argument regarding his petition's apparent untimeliness, and the trial court dismissed the petition as such. *Id.* at 849. The petitioner timely appealed this dismissal during his first petition, and a panel of this Court held that this "failure rendered [counsel's] representation virtually meaningless." *Id.* at 853. Since the petitioner filed a timely appeal from this dismissal, no untimely second petition was

before this Court and we had no occasion to reach the narrow issue addressed by *Leasa* and *Peterson*. Therefore, we must be careful not to read *Perez* too broadly.

¶ 11 The instant case, which bears factual similarity to *Perez*, can be distinguished from both *Leasa* and *Peterson*. In the latter two cases, we treated an untimely second PCRA petition as the extension of a timely first petition in order to serve the "interests of justice" and protect a petitioner from the errors of counsel. After thoroughly reviewing the record and counsel's representation in this case, we conclude that no such compelling factors exist to support treating this appeal as an extension of appellant's first PCRA petition. Unlike counsel in *Leasa* and *Peterson*, Bauer did not abandon appellant on appeal by failing to file a court-ordered document or brief. Furthermore, his failure to address the petition's apparent untimeliness did not effectively waive any of the substantive claims raised in appellant's petition, and this ineffectiveness was not the cause of the petition's dismissal.

¶ 12 While it is true that appellant did not receive counsel's letter informing him of his appeal rights, this was due to the fact that he was moved to another prison and his mail was not appropriately forwarded. The dismissal of appellant's petition and his failure to appeal this dismissal was not the result of a blatant error by counsel. Accordingly, we find *Leasa* and *Peterson* to be inapplicable and will treat this appeal as appellant's second PCRA petition.

¶ 13 This conclusion yields two important consequences: first, appellant had no right to have counsel appointed in preparing the instant petition; second, this petition does not comply with the Act's timeliness requirements.

¶ 14 As we alluded to earlier, the Pennsylvania Rules of Criminal Procedure provide that the PCRA court shall appoint an attorney to represent a petitioner during his *first* PCRA petition when he demonstrates that he is "unable to afford or otherwise procure counsel." Pa.R.Crim.P. 904(A). This right extends to an appeal of the lower court's dismissal of that petition. Pa.R.Crim.P. 904(D). Attorney Bauer represented appellant through all stages of litigation concerning his first petition, and he was only granted permission to withdraw after time lapsed for appealing the lower court's dismissal. If we had ruled this appeal to be a continuation of appellant's first petition, he would have still been entitled to the assistance of counsel. Since no such right exists for subsequent PCRA petitions, the lower court did not err in failing to appoint counsel.

¶ 15 In addition, this second petition does not independently comply with the Act's timeliness requirements, and we do not have jurisdiction to reach the merits. *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 753 A.2d 780, 783 (2000). Section 9545(b)(1) requires a petitioner to file any petition under the Act within one year of the date the judgment of sentence becomes final, unless one of the exceptions listed in subsection (i-iii) applies. Where the judgment became final prior to the passage of the Act, an otherwise untimely first PCRA petition will qualify as filed "within one year" if the petitioner filed it within one year of the effective date of the Act, or by January 16, 1997. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1). "These timeliness requirements are mandatory and jurisdictional in nature," and we "may [not] disregard or alter them in order to reach the merits." *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000).

¶ 16 "For purposes of this [Act], a judgment becomes final at the conclusion of

direct review ... or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Since on direct appeal appellant filed an application for reargument with this Court, he had thirty days from the denial of reargument to petition for allowance of appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113. We denied his reargument petition on June 23, 1997, and his judgment of sentence, therefore, became final on July 23, 1997. Appellant did not file his first PCRA petition until March 31, 1999, well beyond the one-year deadline. Since his first PCRA petition was untimely, we lack jurisdiction over all subsequent petitions.

¶ 17 Appellant maintains, however, that he is excused from this untimeliness, because his petition satisfies the newly discovered evidence exception. Specifically, he argues that through private investigators he discovered the favorable testimony of Talbert Morgan, the attendant from the gas station where he was arrested. This individual allegedly informed appellant that he never told police that he was being robbed on the night of the arrest. After reviewing appellant's petition, we conclude that the newly discovered evidence exception does not apply.

¶ 18 Section 9545(b)(1) provides that the Court will have jurisdiction over an otherwise untimely PCRA petition if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). For a petitioner to successfully invoke either of these exceptions, he must file his petition "within 60 days of the date the claim could have been presented." 42 Pa. C.S. § 9545(b)(2). To satisfy this filing deadline, the petitioner must explain why, after exercising due diligence, he "could not ... obtain [this information] earlier."

*Commonwealth v. Breakiron,* 566 Pa. 323, 781 A.2d 94, 98 (2001).

¶ 19 Appellant clearly failed to comply with these requirements. First, he did not invoke the newly discovered evidence exception within sixty days of when it could first be brought. Appellant claims he became aware of Morgan's account in October of 1998, but by his own admission, he did not raise this exception until he filed his appeal *nunc pro tunc* on October 23, 2000. This clearly exceeds the exception's sixty-day deadline.

¶ 20 Regardless, the statements the gas station attendant made to appellant's investigator do not qualify as newly discovered evidence. Appellant was well aware of this attendant's identity during trial since both officers who arrested him testified to the individual's plea for help. The fact that appellant only recently became aware of Morgan's version of the facts does not bring his petition within the after discovered evidence exception. He easily could have discovered this information through the exercise of due diligence. Appellant expressly admits this in his PCRA petition by claiming that prior counsel was ineffective for failing to call Morgan as a witness. As a result, the instant petition is untimely and we lack jurisdiction.

¶ 21 Order affirmed.

¶ 22 Dissenting Opinion By JOHNSON, J.

JOHNSON, J., Dissenting:

¶ 1 I respectfully dissent. The Majority has determined that George Kubis's petition for reinstatement *nunc pro tunc* of his right to appeal the denial of his first PCRA petition is itself an untimely second petition. The Majority reaches this conclusion despite the failure of Kubis's counsel to advocate his first PCRA petition, *see Commonwealth v. Perez,* 799 A.2d 848,

852–53 (Pa.Super.2002), and dereliction by prison authorities, who failed to forward notice to Kubis of the denial of his first petition in sufficient time to allow him to file an appeal, *cf. Commonwealth v. Jerman,* 762 A.2d 366, 368 (Pa.Super.2000). In my opinion, both occurrences denied Kubis his right to a complete and counseled review of his first PCRA petition and the post-conviction claims he raises in this appeal. Consequently, Kubis's untimely "second" petition should be treated as an extension of his first petition and the matter remanded for appointment of new counsel.

¶ 2 Our cases recognize limited circumstances under which an untimely "second" post-conviction petition asserting claims raised but not advocated in the first petition must be treated as an extension of the first petition. *See Commonwealth v. Kutnyak,* 781 A.2d 1259, 1260 (Pa.2001); *Jerman,* 762 A.2d 366, 368; *Commonwealth v. Leasa,* 759 A.2d 941, 942 (Pa.Super.2000), *Commonwealth v. Peterson,* 756 A.2d 687, 689 (Pa.Super.2000). Although the Majority acknowledges the "extension of litigation" or "relation-back" doctrine these cases apply, it refuses to apply that doctrine here under substantially similar circumstances and, in fact, attempts to limit the available remedy to much narrower circumstances than a fair reading of the cases suggests. Op. at 200 (concluding that doctrine of "relation-back" does not apply because appointed post-conviction counsel "did not abandon appellant on appeal by failing to file a court-ordered document or brief").

¶ 3 In *Peterson,* we concluded that the trial court erred in dismissing a defendant's "second" PCRA petition as untimely because the petitioner suffered ineffective assistance of counsel appointed to amend his first PCRA petition. Peterson's counsel did not file an amended petition and although he filed a *Finley* letter with the trial court, *see Commonwealth v. Finley,* 379 Pa.Super 390, 550 A.2d 213 (Pa.Super.1988), he failed to await leave of court before withdrawing representation. *See Peterson,* 756 A.2d at 689. The trial court then denied the defendant's first petition. When the defendant filed a second PCRA petition merely restating the allegations of the first, we concluded that considerations of simple justice compelled recognition of the second petition as the defendant's inartful attempt to secure appellate review of the allegations he previously raised. *See id.* Because that second petition was facially untimely, we related it back to the first and remanded the matter for appointment of new counsel. *See id.*

¶ 4 Similarly, in *Leasa,* we recognized that where appellate review of the denial of a defendant's first PCRA petition is precluded by counsel's inaction resulting in dismissal of the appeal, his second petition, although untimely, is merely an "extension of litigation" of the first. *See Leasa,* 759 A.2d at 942. Accordingly, we determined that the second petition must be related back to the first and required reinstatement *nunc pro tunc* of the defendant's right to appeal the denial of his first petition. *See id.*

¶ 5 Contrary to the Majority's rationale, neither *Leasa* nor *Peterson* nor any of their progeny have limited the "relation-back" doctrine to counsel's abandonment "by failing to file a court-ordered document or brief;" nor have we required that counsel's action effectively waive substantive claims. Op. at 200. In point of fact, we have applied the doctrine under varied circumstances, some of which did not implicate the performance of counsel. *See Jerman,* 762 A.2d at 368; *Kutnyak,* 781 A.2d at 1261–62. Accordingly, in *Jerman,* we applied both *Leasa* and *Peterson* to relate back a second PCRA petition where

court staff refused to accept the defendant's petition because it did not appear on an approved form. *See* 762 A.2d at 368. When the defendant then filed a subsequent petition, reasserting the grounds he had previously raised, the trial court deemed that petition a "second" petition, refused to appoint counsel, and dismissed the defendant's claims as untimely. *See id.* at 368. Upon review, we recognized the defendant's subsequent petition as an extension of the first to assure that the defendant was accorded his entitled review of post-conviction claims. *See id.* Consequently, we vacated the trial court's order and remanded the matter for appointment of counsel. *See id.* at 369. *See also Kutnyak,* 781 A.2d at 1261–62 (relating back untimely second PCRA petition where court employees refused to accept first petition that did not appear on approved form).

¶ 6 Although our decision in *Jerman* makes no express analogy to the facts in *Leasa* or *Peterson,* our reliance on those cases, coupled with the circumstances in *Jerman,* compels recognition of a principal broader than that acknowledged by the Majority. These cases do not premise a petitioner's right to relief through the "relation-back" doctrine strictly on abandonment by counsel. Rather, they require that *every defendant who petitions for relief under the PCRA is entitled to one meaningful evaluation of his claims where circumstances for which he bears no responsibility prevent his access to timely and effective review.* Although the extreme acts of dereliction by counsel on which the Majority relies establish a clear violation of this right, our cases recognize also that the right is just as surely undermined by less extreme dereliction by counsel and by the nonfeasance of system personnel. *See Jerman,* 762 A.2d at 368; *Kutnyak,* 781 A.2d at 1261–62. Simply stated, these cases focus on the harm sustained to the petitioner's legal right and not merely on the cause of that harm.

¶ 7 In this case, Kubis suffered clear harm through both ineffectiveness of counsel and nonfeasance by prison authorities. Although the trial court appointed counsel to advance Kubis's first PCRA petition, counsel failed to address the petition's apparent untimeliness, and the court concluded that the petition was indeed untimely. Trial Court Opinion, 10/3/01, at 3–4. Although the Majority concedes that this omission rendered counsel's representation ineffective, it denies its importance, concluding that "this error does not rise to the level of severity needed to come within the limited exception created by *Leasa* and *Peterson.*" Op. at 199. I find this conclusion untenable. As I have discussed, the "relation-back" doctrine, as applied in *Peterson* and followed in *Leasa, Jerman* and *Kutnyak,* is not, as the Majority contends, confined to the most egregious malfeasance of counsel. Rather, it applies under varied circumstances to assure the petitioner's right to meaningful counseled review of his post-conviction claims.

¶ 8 We have held expressly that "[w]hen counsel is appointed to represent a petitioner on a PCRA petition that is untimely on its face, appointed counsel's first duty is to consider the timeliness of the [petition]." *Commonwealth v. Perez,* 799 A.2d 848, 853 (Pa.Super.2002). Accordingly, "counsel appointed to assist an indigent petitioner on an apparently untimely PCRA petition must at least investigate whether the petition is indeed untimely, and if so, whether the petition fits one of the exceptions to the PCRA's timeliness provisions." *Id.* If counsel fails to discuss the timeliness issue "his representation is virtually meaningless." *Id.* "[V]irtually meaningless" representation does not fulfill Kubis's right to an effectively counseled first PCRA petition any more than the

wholesale abandonment the Majority would establish as a threshold for application of the "relation-back" doctrine. *See id.* at 852 (quoting *Commonwealth v. Hampton,* 718 A.2d 1250, 1253–54 (Pa.Super.1998) ("[W]hen appointed counsel fails to amend an inarticulately drafted *pro se* [post-conviction] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes uncounselled and in violation of the representation requirement.")) (emphasis in *Perez* ).

¶ 9 In consideration of the trail of malfeasance evident in this case, I can only conclude that Kubis has been deprived of his right to an effective counseled review of his post-conviction claims. Kubis's appointed counsel failed to provide even plausible representation during the pendency of his first petition, failing entirely to discuss why the facially untimely petition might be considered timely. *See Perez,* 799 A.2d at 853. When, as a result, the trial court dismissed the petition, prison authorities allowed more than thirty days to elapse before providing Kubis with the court's notice of dismissal and effectively extinguished his right of appeal. *See Jerman,* 762 A.2d at 368; *Kutnyak,* 781 A.2d at 1261–62. Although the trial judge responded correctly by restoring Kubis's right to appeal *nunc pro tunc,* the Majority now disavows Kubis's appeal, declining to apply the "relation-back" doctrine and declaring Kubis's appeal *nunc pro tunc* an untimely second PCRA petition.

¶ 10 In my opinion, these circumstances compel us to acknowledge Kubis's appeal *nunc pro tunc* by relation back to his first PCRA petition and to remand the matter to the trial court for appointment of new counsel to discuss the timeliness exceptions to the PCRA *that should have been discussed by prior counsel. See Perez,* 799 A.2d at 853; *Jerman,* 762 A.2d at 368;

*Kutnyak,* 781 A.2d at 1261–62. Only in this manner can Kubis be afforded the right to effective counseled review of post-conviction claims to which he is entitled. Because the Majority refuses to adopt this course, I am compelled to dissent.