J-S14035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN ORTEGA-VIDOT, | |
| Appellant | No. 783 MDA 2015 |

Appeal from the PCRA Order April 8, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002747-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 04, 2016**

Appellant Benjamin Ortega-Vidot appeals from the April 8, 2015, order entered in the Court of Common Pleas of Berks County, which purported to deny Appellant relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Finding the lower court should have treated Appellant's initial *pro se* pleading as a timely filed post-sentence motion under Pennsylvania Rule of Criminal Procedure 720, rather than as a petition filed under the auspices of the PCRA, we vacate the lower court's April 8, 2015, order and remand for further proceedings.

The relevant facts and procedural history are as follows:  On September 12, 2014, Appellant, who was represented by counsel, entered a guilty plea to the single charge of persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1), and on that same date, the lower court sentenced Appellant to five years to ten years in prison.  At the conclusion of the

*Former Justice specially assigned to the Superior Court.

hearing, the lower court provided Appellant with his post-sentence and appellate rights, and permitted guilty plea counsel to withdraw his representation. N.T. 9/12/14 at 19-20.

Seven days later, on September 19, 2014, Appellant filed a *pro se* motion entitled "Motion Challenging the Legality of the Sentence,"[1] wherein he presented issues primarily concerning the voluntariness of his guilty plea. The lower court treated the motion as one filed under the auspices of the PCRA and, accordingly, appointed new counsel to represent Appellant. Lower Court Order, filed 10/2/14, at 1. On November 15, 2014, counsel filed a request for an extension of time in which to file an amended PCRA petition, and the lower court granted the request. Thereafter, on or about December 2, 2014, Appellant filed two *pro se* motions entitled "Motion to Suppress Evidence," and "Motion to Suppress Incriminating Statements," and on December 11, 2014, counsel filed a petition to withdraw his representation, as well as a ***Turner/Finley***[2] no-merit letter.

On December 29, 2014, the lower court entered an order indicating its intent to dismiss the matter without a hearing. Appellant filed several *pro se*

_____

[1] Although this motion was time-stamped on September 22, 2014, ten days after sentencing, the record contains an envelope bearing the post-mark of September 19, 2014. Accordingly, under the prisoner mailbox rule, we deem the motion to have been filed on September 19, 2014. ***See*** ***Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011).

[2] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

responses, and by order entered on April 9, 2015, the lower court purported to dismiss Appellant's PCRA petition as meritless. On May 4, 2015, Appellant filed a *pro se* notice of appeal, and by order entered on May 5, 2015, the lower court noted it granted counsel's petition to withdraw his representation. All Pa.R.A.P. 1925 requirements have been met.[3]

With this procedural posture in mind, we *sua sponte* determine whether this appeal is properly before us. **See generally Commonwealth v. Harris**, 972 A.2d 1196 (Pa.Super. 2009) (holding issues concerning jurisdiction may be raised *sua sponte*). For the reasons discussed *infra*, we conclude that it is necessary to vacate the lower court's April 8, 2015, order, in which the court purported to deny Appellant relief under the PCRA, and remand for further proceedings. Specifically, we find the lower court should have treated Appellant's September 19, 2014, *pro se* motion as a timely filed post-sentence motion rather than as a petition filed under the auspices of the PCRA.

_____

[3] On or about May 27, 2015, Appellant filed a *pro se* pleading entitled "Pro Se Post Conviction Collateral Relief Act Petition." To the extent this pleading presented claims which are of the type contemplated for review under the PCRA, we note the petition was prematurely filed. **See Commonwealth v. Kubis**, 808 A.2d 196, 198 (Pa.Super. 2002) ("The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final.").

Pennsylvania Rule of Criminal Procedure 720 provides, in relevant part, that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). In the case *sub judice*, Appellant filed his first *pro se* pleading on September 19, 2014, a mere seven days after his judgment of sentence was imposed on September 12, 2014. Additionally, in his post-sentence pleading, Appellant primarily presented claims related to the voluntariness of his guilty plea, which are of the type contemplated for post-sentence review under Pa.R.Crim.P. 720(B)(1)(a)(i) (indicating optional post-sentence motions include challenges to the validity of a plea of guilty). Thus, since the PCRA does not have any applicability until a judgment of sentence becomes final, *see* ***Kubis***, 808 A.2d at 198 n.4, and Appellant's September 19, 2014, *pro se* motion otherwise was timely filed and presented claims contemplated by Pa.R.Crim.P. 720, we conclude the lower court should have treated Appellant's *pro se* filing as a timely filed post-sentence motion.

Therefore, in light of the foregoing, we find it necessary to vacate the lower court's April 8, 2015, order in which it purported to deny Appellant relief under the PCRA and remand for proceedings consistent with this decision. Upon remand, the lower court shall determine whether Appellant is entitled to court-appointed counsel.

Order Vacated; Remanded; Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/2016