**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEX LEROY LOVEJOY, | |
| Appellant | No. 998 MDA 2015 |

Appeal from the PCRA Order May 5, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003389-2001

BEFORE:  BENDER, P.J.E., SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 25, 2016**

Appellant, Alex Leroy Lovejoy, appeals from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  The PCRA court dismissed the petition for lack of jurisdiction because a prior appeal from the denial of PCRA relief was pending when he filed his petition.   We affirm.

The record reflects that on October 9, 2002, Appellant was convicted of third-degree murder, aggravated assault, recklessly endangering another person, and two counts of criminal conspiracy.  Appellant filed a direct appeal, and on June 3, 2004, this Court affirmed Appellant's judgment of

_____

[*]  Retired Senior Judge assigned to the Superior Court.

sentence. *Commonwealth v. Lovejoy*, 1440 MDA 2003, 858 A.2d 1277 (Pa. Super. filed June 3, 2004) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On August 2, 2004, Appellant filed a timely PCRA petition. Counsel was appointed, and on May 23, 2005, the PCRA court dismissed Appellant's first PCRA petition without a hearing. Appellant filed a timely appeal, and on March 24, 2006, this Court vacated the PCRA court's order denying Appellant's petition and remanded the case for the appointment of new counsel. *Commonwealth v. Lovejoy*, 1277 MDA 2005, 898 A.2d 1130 (Pa. Super. filed March 24, 2006) (unpublished memorandum).

On remand, the PCRA court appointed counsel, who filed an amended PCRA petition on May 7, 2007. On May 29, 2007, the PCRA court held a hearing on Appellant's amended PCRA petition. On July 3, 2007, the PCRA court denied Appellant's amended PCRA petition, and Appellant filed a timely appeal. In a memorandum filed on May 2, 2008, this Court affirmed the PCRA court's order denying Appellant's PCRA petition. *Commonwealth v. Lovejoy*, 1329 MDA 2007, 953 A.2d 833 (Pa. Super. filed May 2, 2008) (unpublished memorandum). Following this Court's affirmance, Appellant filed a petition for allowance of appeal with the Supreme Court, which was denied on December 2, 2008. *Commonwealth v. Lovejoy*, 962 A.2d 1196 (Pa. 2008).

On April 28, 2014, Appellant filed another PCRA petition, which the PCRA court denied as untimely.[1]  Appellant again filed an appeal with this Court, and on February 25, 2015, this Court affirmed the PCRA court's denial of relief.  **Commonwealth v. Lovejoy**, 1356 MDA 2014, 120 A.3d 392 (Pa. Super. filed February 25, 2015) (unpublished memorandum).  Appellant filed an application for reargument on March 13, 2015, and this Court denied Appellant's application in an order filed on May 6, 2015.  Subsequently, the certified record was remitted to the Court of Common Pleas of Dauphin County on June 18, 2015.

During the pendency of the appeal at 1356 MDA 2014, on April 24, 2015, Appellant field a petition with the PCRA court entitled "Notice to Validate Actual and Constructive Fraud."[2]  In an order filed on May 5, 2015,

_____

[1] Under the PCRA, any petition for post-conviction relief, including a second or subsequent petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. **Commonwealth v. Callahan**, 101 A.3d 118, 122-123 (Pa. Super. 2014). Appellant's judgment of sentence became final on July 3, 2004, at the expiration of the thirty-day period for seeking review with the Pennsylvania Supreme Court.  42 Pa.C.S. § 9545(b)(3).  Therefore, Appellant had until July 3, 2005, to file a timely PCRA petition.

[2] We have repeatedly held that the PCRA provides the sole means for obtaining collateral review and that any petition stating claims for collateral relief filed after the judgment of sentence becomes final will be treated as a PCRA petition. **Commonwealth v. Kubis**, 808 A.2d 196, 199 (Pa. Super. 2002) (citation omitted); 42 Pa.C.S. § 9542.  Thus, the PCRA court treated Appellant's "Notice to Validate Actual and Constructive Fraud" in this case as a PCRA petition.  Additionally, we note that "[a]n order granting, denying,
*(Footnote Continued Next Page)*

the PCRA court informed Appellant that it was without jurisdiction to rule on his petition because the appeal at 1356 MDA 2014 remained pending in this Court due to Appellant's application for reargument. This appeal followed.

After review, we agree with the PCRA court that it was without jurisdiction to address Appellant's April 24, 2015 petition. Our Supreme Court stated that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). As explained above, the appeal at 1356 MDA 2014 was pending on April 24, 2015, when Appellant filed the petition underlying the instant appeal.

Accordingly, we affirm the order dismissing Appellant's April 24, 2015 petition. Additionally, we note that Appellant has filed several motions for relief with this Court during the pendency of the instant appeal. In light of our decision affirming the PCRA court's decision to dismiss for lack of jurisdiction, Appellant's September 22, 2015 motion to clarify, December 2, 2015 application for relief, August 3, 2015 application for relief, July 2, 2015 application for relief, and December 30, 2015 application for relief, are DENIED AS MOOT.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2016