J-S04032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRAVIS DIONTE SIMMS, | : | |
| | : | |
| Appellant | : | No. 401 WDA 2015 |

Appeal from the PCRA Order February 4, 2015
in the Court of Common Pleas of Cambria County
Criminal Division, at No(s): CP-11-CR-0001902-2011

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 29, 2016**

Travis Dionte Simms (Appellant) appeals from an order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court previously summarized the facts underlying this matter as follows:

> On September 27, 2011, law enforcement officials were serving an arrest warrant on Cirilito Cheatham and a search warrant for his residence at 816 Park Avenue, Johnstown, after having engaged Cheatham in a controlled drug purchase.  Police arrested Cheatham outside the home while he was standing in an alleyway.  At the time, Cheatham was near a parked vehicle, which was waiting for him.  Appellant was located in the backseat and another person was driving that vehicle.  Vincent Arcurio, a deputy sheriff in Cambria County for seventeen years and a part-time detective with the Cambria County Drug Task Force for thirteen years, knew Appellant as an individual with an extensive criminal history.  He removed Appellant from the car and handcuffed him.  Shortly thereafter, he performed a pat-down search. During the pat-down, Detective Arcurio felt a

*Retired Senior Judge assigned to the Superior Court.

packet of rice, which he remarked was used to package drugs. Detective Arcurio then recovered twelve glassine stamp bags containing .20 grams of heroin. Appellant admitted to selling drugs to certain individuals to feed his own drug habit.

*Commonwealth v. Simms*, 91 A.3d 1287 (Pa. Super. 2013) (unpublished memorandum at 1-2).

On February 23, 2012, following a jury trial, Appellant was found guilty of possession with intent to deliver (PWID) (heroin), possession of heroin, and possession of drug paraphernalia. He was sentenced to an aggregate term of two years and three months to seven years of incarceration. On November 15, 2013, this Court affirmed Appellant's judgment of sentence. *Id.*

On November 10, 2014, Appellant *pro se* timely filed the PCRA petition at issue.[1] Therein, Appellant alleged that his trial counsel was ineffective for failing to object to the Commonwealth's publication to the jury of Cambria County Drug Task Force Personal History Report DLE-6 (Form DLE-6), which contained information relating to Appellant's prior criminal record. PCRA Petition, 11/10/2014, at 4. Counsel was appointed and, following an evidentiary hearing, the PCRA court denied Appellant's petition.

---

[1] Appellant *pro se* filed a PCRA petition on July 3, 2013, which the PCRA court dismissed without prejudice, explaining that Appellant was ineligible for PCRA relief because his direct appeal was still pending. *See Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) ("The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final.").

Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed. The PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a) on April 30, 2015. On appeal, Appellant contends that the PCRA court erred in denying post-conviction relief on his ineffective-assistance-of-counsel claim above.

> Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. McDermitt***, 66 A.3d 810, 813 (Pa. Super. 2013) (internal citation omitted).

Appellant takes issue with Form DLE-6's publication to the jury because the bottom of the form contains the words "Robbery, Poss." in the field next to the one labeled "Prior Criminal Record," and the words "Not Yet" in the field next to the ones labeled "Currently On?" and "Probation." Form DLE-6, Commonwealth Exhibit 5. Appellant argues that the form's publication prejudiced the jury against him based on the information it contained relative to his prior criminal record and, thus, his trial counsel was ineffective for failing to object to its publication.

In order to obtain relief based on a claim of ineffective assistance of counsel under the PCRA, "a petitioner must show that such ineffectiveness

- 3 -

'in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Commonwealth v. Cam Ly**, 980 A.2d 61, 73 (Pa. 2009) (quoting 42 PA.C.S. § 9543(a)(2)(ii)). A petitioner must prove that:

> (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. A chosen strategy will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding. A failure to satisfy any one of the three prongs of the test for ineffectiveness requires rejection of the claim.

**Id.** (internal quotation marks and citation omitted).

Upon review, we conclude that the PCRA court did not err in rejecting Appellant's ineffectiveness claim. Specifically, Appellant has not established that trial counsel's failure to object to the publication of Form DLE-6 to the jury resulted in prejudice to him. Appellant admitted to having heroin packaged in rice on his person at the time he was patted down. N.T., 2/23/2012, at 122-23. Moreover, as stated by this Court in rejecting Appellant's sufficiency claims on direct appeal, the evidence at trial established "that Appellant possessed $360 worth of heroin, admitted to selling heroin in the past, was located outside of a suspected drug house, and did not possess items normally associated with personal use of the

drug." ***Commonwealth v. Simms***, 91 A.3d 1287 (Pa. Super. 2013) (unpublished memorandum at 8). In light of this other evidence establishing Appellant's guilt, Appellant has failed to show that prohibiting publication of Form DLE-6 to the jury would have changed the outcome of his trial.[2]

Because Appellant has not met the prejudice prong of the ineffectiveness test, his claim must fail. The PCRA court, therefore, did not err in denying Appellant post-conviction relief. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

---

[2] Appellant argues that, "[i]n viewing the publishing of [Form DLE-6] in a realistic manner, if only one juror relied on the former possession conviction to convict [Appellant], then [Appellant] did not receive a trial by a fair and impartial jury. One juror could have been the difference between a conviction and an acquittal." Appellant's Brief at 4. We observe that "[u]nsupported speculation does not establish reasonable probability." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1026 (Pa. Super. 2014).

Date: <u>2/29/2016</u>