J-S48024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLEN L. WILKINS, SR. | |
| Appellant | No. 297 MDA 2017 |

Appeal from the PCRA Order entered December 2, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003382-2002

BEFORE:  OTT, STABILE, and PLATT,* JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 21, 2017**

Appellant, Allen L. Wilkins, Sr., appeals *pro se* from the December 2, 2016 order entered in the Court of Common Pleas of Dauphin, denying three motions for relief ostensibly filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.[1]

In a previous Memorandum Opinion, this Court adopted the trial court's 2011 history of Appellant's case as follows:

> On September 10, 2003, a jury found Appellant guilty of Criminal Attempt (Homicide), Aggravated Assault, Robbery, Theft by Unlawful Taking, Terroristic Threats, Unlawful Restraint, and Possessing Instruments of Crime.  On October 30, 2003, the

---

* Retired Senior Judge assigned to the Superior Court.

[1] We note that Appellant uses the name "Glue Wilkins" on his myriad filings and his correspondence.

Honorable Joseph H. Kleinfelter sentenced Appellant to an aggregate term of imprisonment of 12 to 24 years, a fine of $1,000, and payment of the costs of prosecution.

Appellant filed a counseled appeal which the Superior Court dismissed for counsel's failure to provide a transcript of trial. Appellant then filed three *pro se* post conviction motions. The PCRA court appointed counsel, and reinstated Appellant's appellate rights. Appointed counsel sought leave to withdraw from representation on appeal. By Memorandum Opinion and Order of February 13, 2006, the Superior Court granted counsel's petition to withdraw and affirmed the judgment of sentence. ***Commonwealth v. Wilkins***, 897 A.2d 524 (Pa. Super. 2006).[2] . . .

Appellant filed a subsequent PCRA petition on August 2, 2006. Appointed counsel sought and was granted permission to withdraw. Appellant filed an appeal, which the Superior Court dismissed for failure to comply with the briefing schedule. On August 13, 2008, the Pennsylvania Supreme Court denied Appellant's request for allowance of appeal.

***Commonwealth v. Wilkins***, 1607 MDA 2011, at 1-2 (Pa. Super. filed April 9, 2012), (unpublished memorandum) (quoting Trial Court Opinion, 11/16/11, at 1-2 (brackets omitted)). In its 2012 decision, this Court considered Appellant's appeal from an August 17, 2011 order denying various *pro se* filings. This Court recognized that the PCRA is the sole means for obtaining collateral relief and that any petition filed after the judgment of sentence is final will be treated as a PCRA petition. ***Id.*** at 4 (citing

---

[2] Appellant filed a petition for allowance of appeal to our Supreme Court, which denied the petition on July 12, 2006. Appellant did not seek discretionary review by the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on October 10, 2006, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***See*** U.S. Supreme Court Rule 13.

*Commonwealth v. Kubis*, 808 A.2d 196, 199 (Pa. Super. 2002) and 42 Pa.C.S.A. § 9542).  This Court then considered whether the PCRA court had jurisdiction to consider Appellant's filings in light of the PCRA's requirement that a petition must be filed within one year of the time the judgment of sentence became final, absent the petitioner pleading and proving an exception to the timeliness requirements.  Noting that Appellant did not "even attempt to plead one of the[] timeliness exceptions," this Court concluded that the PCRA court lacked jurisdiction to entertain Appellant's requests for relief and properly denied all of them.  *Id.* at 5.

Undaunted, Appellant filed three separate petitions for PCRA relief in July of 2013.  The issues raised in the petitions include "(1) that Appellant's conviction is illegal because his sentence is greater than the lawful maximum; (2) that the victim's medical report was never made part of the official record even though it was an exhibit at trial; and (3) that Appellant is being illegally detained as there is no written sentencing order."  PCRA Court Statement in Lieu of Rule 1925(a) Opinion, 2/23/17, at 2-3 (footnote omitted).[3]  The PCRA court held an evidentiary hearing on December 16,

---

[3] The PCRA court's 1925(a) statement was issued by the Honorable William T. Tully to whom the case was assigned on May 2, 2014 after the previous judge, the Honorable Deborah E. Curcillo, recused herself in response to Appellant's filing of a private criminal complaint and a civil action against her.  *See* PCRA Court Statement in Lieu of Rule 1925(a) Opinion, 2/23/17, at 4.

2013, and subsequently dismissed the petitions by order entered January 6, 2014.[4]

The PCRA then court granted counsel's motion to withdraw, apparently unaware that Appellant filed two additional PCRA petitions in December 2013, prior to the evidentiary hearing. The December petitions raised issues similar to his July 2013 petitions. *Id.* at 5-6. Eventually, Appellant filed a petition for writ of mandamus with the Commonwealth Court, contending that a PCRA petition remained pending. *Id.* at 4. The Commonwealth Court issued an order on October 3, 2016, transferring the matter to the PCRA court. *Id.*

After "wading through the murky waters of this docket," the PCRA court determined that the pending December 2013 PCRA petitions were similar to those disposed of on January 6, 2014. Further, the court concluded, Appellant's illegal sentence claim was rejected on direct appeal, and his medical report issue was raised in his July 2013 petitions that were denied in the January 6, 2014 order. Consequently, the PCRA court dismissed the December 2013 petitions as "previously litigated." *Id.* at 6.

While we do not dispute the PCRA court's "previously litigated" conclusion, we affirm the PCRA court's December 2, 2016 order on different

_____

[4] On April 14, 2014, Appellant's appeal from the January 6, 2014 Order was quashed as premature. ***Commonwealth v. Wilkins***, 215 MDA 2014, (Pa. Super. filed April 4, 2014) (Order).

grounds.[5] As our Supreme Court explained in **Commonwealth v. Bennett**,

930 A.2d 1264 (Pa. 2007):

> Under 42 Pa.C.S. § 9545, as amended in 1995, any PCRA petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final. This limitation is jurisdictional in nature. As we have previously explained, "jurisdictional time limits go to a court's right or competency to adjudicate a controversy." **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 222 (1999). Jurisdictional time limitations are not subject to equitable exceptions and a court has no authority to extend them except as the statute permits. **Id.** By placing strict time limitations on the process, it is clear that the Legislature intended that there be finality to the collateral review process.

**Id.** at 1267 (citations omitted). In **Bennett**, our Supreme Court explained

that "the preference for finality, however, is tempered by the insertion of

three exceptions to the one-year time limitation at subsections (b)(1)(i)-

(iii).[6] These exceptions extend the one-year time limitation under limited

---

[5] "This Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." **Commonwealth v. Williams,** 73 A.3d 609, 617, n. 4 (Pa. Super. 2013) (citation omitted).

[6] The exceptions provided in subsection (b) include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

*(Footnote Continued Next Page)*

circumstances, reflecting that the Legislature also recognized that situations might arise when the one-year time limitation must yield." *Id.*

As reflected above, Appellant's judgment of sentence was final on October 10, 2006. *See* n. 2, *supra*. The petitions at issue here were filed in 2013, well over one year after his judgment of sentence was final. Appellant did not plead or prove any exception to the PCRA's time bar. Therefore, we conclude the PCRA court did not have jurisdiction over the December 2013 petitions.

Order affirmed.[7]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017

*(Footnote Continued)* ───────────────

> Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Further, an appellant who invokes one of these exceptions must file his claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A § 9545(b)(2).

[7] During the pendency of this appeal, Appellant filed a *pro se* "Motion of Stay in Abeyance," two *pro se* Motions for Contempt of Court, and a *pro se* Motion for Immediate Remand. In light of our disposition of this appeal, we deny these motions as moot.