J-A08013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MYERS | : | |
| | : | |
| Appellant | : | No. 168 EDA 2023 |

Appeal from the PCRA Order Entered December 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009678-2016

BEFORE: BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **FILED APRIL 11, 2024**

Christopher Myers appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant was convicted and sentenced for robbery, theft, and simple assault. The trial court denied his post-sentence motion, but no timely direct appeal followed. After Appellant's appeal rights were reinstated, we rejected his challenges to the sufficiency of the evidence and the denial of his suppression motion on the merits. *See Commonwealth v. Myers*, 245 A.3d 1058, (Pa.Super. 2020) (non-precedential decision) ("*Myers I*"). This Court declined to address additional arguments due to waiver, including that the verdict was against the weight of the evidence and other challenges to the Commonwealth's evidence. *Id*. at *4 n.4, *6 n.5. However, we determined that his sentence was illegal and remanded for resentencing. *Id*. at *7.

On April 8, 2021, the trial court resentenced Appellant to a term of five to ten years of incarceration followed by two years of probation. On appeal from his new judgment of sentence, counsel filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). On March 25, 2022, this Court granted counsel's petition and affirmed Appellant's judgment of sentence upon concluding that the appeal was wholly frivolous. **See Commonwealth v. Myers**, 276 A.3d 256, 2022 WL 881639 (Pa.Super. March 25, 2022) (non-precedential decision) ("**Myers II**"). Appellant did not seek review from our Supreme Court.

While **Myers II** was still pending before this Court, Appellant filed a *pro se* PCRA petition asserting that trial and appellate counsel had been ineffective in, *inter alia*, failing to preserve the issues this Court deemed waived in **Myers I**. **See** PCRA Petition, 6/21/21, at 4. The PCRA court appointed Lawrence O'Connor, Esquire, and continued the matter until this Court rendered its decision. On May 9, 2022, which was after the **Myers II** decision became final because Appellant's time for seeking review in our Supreme Court expired, counsel filed what he titled an amended PCRA petition restating the claims raised in the premature *pro se* petition. **See** Amended PCRA Petition, 5/9/22, at ¶ 8. The Commonwealth responded with a motion to dismiss in which it detailed arguments for the lack of merit of Appellant's claims.

On November 1, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's amended petition without a hearing.

Therein, the court detailed the reasons for finding no merit to Appellant's challenges to his counsel's representation. *See* Notice of Intent, 11/1/22, at ¶¶ 13-17. Appellant filed no response to the notice, and the court dismissed the amended petition by order of December 16, 2022. Appellant filed a timely *pro se* notice of appeal, and present counsel was appointed to represent him in this Court.[1]

Appellant presents the following questions for our review: (1) "Did the PCRA court have jurisdiction over a PCRA petition that was filed before [Appellant's] Sentence became final?" and (2) "Was PCRA counsel ineffective for amending a prematurely-filed PCRA petition?" Appellant's brief at 5-6 (cleaned up).

We begin with a review of the governing legal principles. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court

_____

[1] It is unclear from the certified record why the PCRA court ordered the appointment of counsel immediately prior to leaving Philadelphia Court of Common Pleas to accept a federal judicial commission. The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement and none was filed. The Philadelphia Court of Common Pleas advised this Court by letter of February 16, 2023, that no opinion would be forthcoming since the PCRA judge was no longer sitting.

- 3 -

erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Appellant's two issues are interrelated. He first challenges the PCRA court's jurisdiction to dispose of his amended petition, claiming that jurisdiction was lacking such that the whole proceedings were a nullity. ***See*** Appellant's brief at 16. His second issue, a claim of PCRA counsel ineffectiveness pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), is dependent upon the success of his first.[2] He posits that, since the premature PCRA proceedings were nullities, PCRA counsel was ineffective for failing to file a timely petition instead of allowing what amounted to "illusory" collateral review. ***Id***. at 18.

We begin with the jurisdictional issue. "It is well-settled that, relative to PCRA petitions, questions of timeliness are jurisdictional in nature; therefore, courts must address these questions as threshold issues." ***Commonwealth v. William Smith***, ___ A.3d ___, 2024 WL 696237, at *6 (Pa. Feb. 21, 2024). PCRA petitions are to "be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review

---

[2] In ***Bradley***, our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021).

in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

This Court has held that a petitioner "may only file a PCRA petition after he has waived or exhausted his direct appeal rights. If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted." **Commonwealth v. Williams**, 215 A.3d 1019, 1022– 23 (Pa.Super. 2019) (cleaned up). In **Commonwealth v. Shaheed Smith**, 244 A.3d 13, 17 (Pa.Super. 2020), we clarified that a premature petition is "a legal nullity" which the PCRA court has "no jurisdiction to accept, hold, and later dispose of" after the judgment becomes final. **Id**. at 17 (cleaned up).

In the instant case, there is no question that Appellant's *pro se* June 21, 2021 PCRA petition, filed while **Myers II** was pending in this Court, was premature and therefore a nullity.[3] Accordingly, Appellant maintains that **Williams**, **Shaheed Smith**, and other decisions require us to find that

---

[3] In **Commonwealth v. William Smith**, ____ A.3d ____, 2024 WL 696237, at *7 (Pa. Feb. 21, 2024), our Supreme Court ruled that a PCRA court may hold a petition filed during the pendency of a facially-untimely direct appeal rather than dismiss it as a nullity because the PCRA court's jurisdiction in such instances is unclear until the viability of the direct appeal is determined. In so doing, the Court distinguished **Shaheed Smith** on the basis that the timeliness of the direct appeal in that case was not disputed, deeming it unnecessary to overrule our decision. **Id**. at *7 n.5. Since the timeliness of Appellant's **Myers II** appeal was not in dispute, **William Smith** does not impact our analysis.

- 5 -

counsel's amended petition and the PCRA court's order dismissing it for lack of merit are legal nullities. **See** Appellant's brief at 10-16.

However, it is equally undisputed that the amended petition filed by counsel, and the PCRA court's dismissal order at issue in this appeal, were filed **after** Appellant's judgment had become final. The Commonwealth posits that, while the *pro se* petition was a nullity, the counseled petition should be treated as a timely, but mislabeled, PCRA petition over which the PCRA court properly exercised jurisdiction. **See** Commonwealth's brief at 5. In support, the Commonwealth cites this Court's decision in **Commonwealth v. Shower**, 301 A.3d 885, 2023 WL 3862768 (Pa.Super. 2023) (non-precedential decision), for persuasive value.

In **Shower**, this Court on Shower's direct appeal vacated his sentence and remanded for the trial court to enter a proper allocation of his credit for time served. The day before the trial court resentenced Shower, he filed a premature *pro se* PCRA petition. After more than thirty days passed following the imposition of the new sentence and no appeal was filed, the court appointed counsel who filed an amended petition that was ultimately denied after a hearing. On appeal from that denial, we *sua sponte* considered whether the PCRA court had jurisdiction over the petition. We concluded that jurisdiction did exist, explaining as follows:

> In the present case, the PCRA court did not dismiss [Shower]'s premature petition. Nevertheless, while the *pro se* petition is a nullity, we conclude that, under the unique circumstances of this case, the PCRA court properly addressed

[Shower]'s claims for PCRA relief. On October 25, 2021, following [his] premature petition and after [his thirty]-day appeal period had run, the PCRA court appointed counsel to represent [him] in the PCRA proceeding. [Shower]'s appointed counsel then filed a petition on his behalf on July 14, 2022, which was within one year of the date that his September 21, 2021 judgment of sentence became final. Thus, while improperly titled an amended petition as the original petition had no legal effect, the July 14, 2022 petition constituted a timely first petition on [Shower]'s behalf. [*See*] ***Commonwealth v. Kubis***, 808 A.2d 196, 198, 201 & n.4 (Pa.Super. 2002) (premature petition was not cognizable under PCRA and therefore subsequently filed counseled petition constituted first petition). Accordingly, the PCRA court was not without jurisdiction when it ruled on [Shower]'s claims set forth in his counseled, timely PCRA petition. ***Cf.*** [***Shaheed***] ***Smith***, 244 A.3d at 15-17 (quashing appeal from dismissal of PCRA relief where *pro se* petition was filed while direct appeal was pending, appointed counsel filed petition to withdraw and no-merit letter after appeal became final, and petition was dismissed after Pa.R.Crim.P. 907 notice was provided). We therefore may proceed to address the substantive issues raised in this appeal.

***Shower***, 2023 WL 3862768 at *4 (footnote and some citations omitted).

The Commonwealth posits that the instant case is "factually equivalent," and urges this Court to deem the amended petition filed by counsel "a timely filed first petition that the court had jurisdiction to dismiss." Commonwealth's brief at 8. Appellant acknowledges our ***Shower*** decision but does not attempt to distinguish it.[4] ***See*** Appellant's brief at 13-14.

_____

[4] Instead, Appellant counters ***Shower*** with a 2015 unpublished memorandum decision of this Court which he asserts is, although not binding, "persuasive guidance" for reaching the opposite ruling. Appellant's brief at 13. Appellant is incorrect about the value of the 2015 memorandum. While non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value, "[a]n unpublished **memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in**

*(Footnote Continued Next Page)*

We find **Shower**'s reasoning sound and apply it herein to materially indistinguishable facts. Appellant's *pro se* petition was filed prematurely. However, the "amended" petition was not filed by counsel until after his direct appeal rights were fully exhausted. Thus, while the proper course would have been for the PCRA court to dismiss Appellant's *pro se* petition without prejudice for him to file it after his direct appeal rights were exhausted, the petition thereafter filed by counsel, although titled an "amended" petition, was properly construed as "a timely first petition on [Appellant]'s behalf." **Shower**, 2023 WL 3862768 at *4. Hence, Appellant's contention that the proceedings were a nullity is incorrect.

---

**any other action or proceeding**," with exceptions not relevant here. 210 Pa.Code § 65.37(B). Accordingly, we do not consider Appellant's improperly-cited memorandum in resolving this appeal.

Appellant also cites **Commonwealth v. Livering**, 303 A.3d 745, 2023 WL 4417523 (Pa.Super. 2023) (non-precedential decision), a unanimous decision by a panel comprising two of the three judges who had participated in the unanimous **Shower** ruling a month earlier. We discern that **Livering** is neither inconsistent with **Shower** nor factually similar to the instant case. Of note, in **Livering**, the trial court proceeded to adjudicate a premature petition, as amended by counsel, on the mistaken belief that the judgment of sentence was final at the time that the initial petition was filed. On appeal from the dismissal, we held that the failure of the trial court to identify the final judgment and advise him of his rights to file a post-sentence motion amounted to a breakdown of court processes that deprived the defendant of his right to a direct appeal. Therefore, this Court vacated the order disposing of Livering's premature PCRA petition and reinstated his post-sentence and direct appeal rights. **See Livering**, 2023 WL 4417523 at *3-4. No such deprivation occurred here, as Appellant was advised of, and exercised, his direct appeal rights before the premature petition was filed such that the counseled PCRA petition filed after those rights were exhausted.

Consequently, Appellant's **Bradley** claim premised upon the invalidity of the PCRA proceedings also fails. Attorney O'Connor's failure to seek dismissal of the premature *pro se* petition before filing his counseled petition did not render the PCRA court's consideration of his collateral matters illusory or result in "entirely preclud[ing] appellate review of [Appellant's] issues." Appellant's brief at 18. Rather, it is the failure of Appellant to present any argument in this appeal to demonstrate why or how the PCRA court erred or abused its discretion in dismissing counsel's petition for lack of merit that has deprived him of this Court's review of those issues.[5]

As we have been presented with no valid argument that the PCRA court erred or abused its discretion in denying Appellant's counseled petition, we affirm the order so doing.

Order affirmed.

_____

[5] If Appellant believes that the PCRA court's substantive review of his counseled petition was erroneous, he is free to challenge current PCRA counsel's failure to present those arguments to this court pursuant to **Bradley** by raising a claim, after obtaining new counsel or acting *pro se,* at his first opportunity to do so, which in this instance would be an application for reconsideration or reargument or in connection with the filing of a petition for allowance of appeal with our Supreme Court. **See**, **e.g.**, **Commonwealth v. Clark**, 254 A.3d 723, 724 (Pa. 2021) (*per curiam*) (remanding for litigation of **Bradley** claim raised by the petitioner *pro se* while his petition for allowance of appeal was pending). **But see Commonwealth v. Stahl**, 292 A.3d 1130,1136 n.3 (Pa.Super. 2023) ("**Bradley** does not permit the filing of a subsequent untimely PCRA petition as a method of raising claims of ineffectiveness of PCRA counsel.").

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/11/2024