J-S40015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE SELDON | : | |
| | : | |
| Appellant | : | No. 2804 EDA 2017 |

Appeal from the PCRA Order August 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012827-2012

BEFORE: LAZARUS, J., DUBOW, J., and PLATT*, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED NOVEMBER 09, 2018**

Appellant Terrence Seldon appeals from the Order dismissing his first Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"). After careful review, we quash this appeal.

On July 24, 2012, Appellant and two individuals conspired to rob the home of a suspected drug dealer. Appellant drove the vehicle to the home, and remained in the car while one of the individuals shot and killed two teenage boys in the home. When the shooter returned to the car, Appellant drove the car away from the scene. The Commonwealth arrested Appellant and charged him with Murder and Conspiracy, among other offenses.

On July 27, 2015, Appellant entered a negotiated guilty plea to, *inter alia*, two counts of Third-Degree Murder and one count of Conspiracy. The trial court sentenced Appellant to an aggregate term of 35 to 70 years'

_____

* Retired Senior Judge assigned to the Superior Court.

imprisonment.[1] Appellant filed a Motion to Withdraw his guilty plea, which the court denied after a hearing on November 25, 2015.

This Court affirmed Appellant's Judgment of Sentence, and the Pennsylvania Supreme Court denied allowance of appeal on April 11, 2017.[2] The Judgment of Sentence, thus, became final 90 days later on July 10, 2017.[3]

However, on January 5, 2017, prior to our Supreme Court's disposition of his Petition for Allowance of Appeal, Appellant filed a *pro se* PCRA Petition asserting ineffective assistance of plea counsel. The PCRA court appointed counsel, and counsel entered his appearance on May 8, 2017. On June 5, 2017, counsel filed a **Turner/Finley**[4] letter and a Motion to Withdraw as Counsel. On July 13, 2017, the PCRA court filed a Notice of its intent to dismiss without a hearing, pursuant to Pa.R.Crim.P. 907, and on August 8, 2017, the court dismissed the PCRA Petition and granted counsel's Motion to Withdraw.

Appellant appealed *pro se* to this Court. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. In his *pro se* Brief, Appellant raises four

---

[1] Appellant received concurrent sentences of 20 to 40 years' incarceration for the Murder convictions and a consecutive sentence of 15 to 30 years' incarceration for Conspiracy conviction.

[2] **See Commonwealth v. Seldon**, No. 49 EDA 2016 (Pa. Super. filed Nov. 23, 2016), *appeal denied*, 168 A.3d 1248 (Pa. 2017).

[3] **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

issues for our review. However, because Appellant filed his PCRA petition prematurely, we are without jurisdiction to consider the merits of these issues.

The PCRA provides petitioners with a means of seeking collateral review once the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b) (any PCRA petition "shall be filed within one year of the date the judgment becomes final" with certain exceptions permitting a later filing). In **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003), our Supreme Court reiterated the strict and absolute jurisdictional nature of the PCRA's time bar. **See also Commonwealth v. Kubis**, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) (observing that the PCRA "has no applicability until the judgment of sentence becomes final."). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999).

Here, Appellant filed his PCRA Petition on January 5, 2017, seven months before his Judgment of Sentence became final. Because Appellant filed his PCRA petition prematurely, the PCRA court lacked jurisdiction to appoint counsel, consider counsel's **Turner**/**Finley** letter, and address the merits of Appellant's PCRA Petition. This Court likewise lacks jurisdiction. We, therefore, quash this Appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/18