MARTIN J. MONAHAN, JR., PLAINTIFF-RESPONDENT, v. SEABOARD SURETY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued October 15, 1940—Decided January 28, 1941.

For the plaintiff-respondent, *William V. Breslin*.

For the defendant-appellant, *William A. Moore*.

The opinion of the court was delivered by

PORTER, J.   The plaintiff brought this action on a surety bond signed by the defendant as surety under the provisions of *R. S.* 2:60-207 to indemnify subcontractors for labor performed and materials furnished in the construction of a public building.

The trial court, sitting without a jury by consent of the parties, found a verdict for the plaintiff in the sum of $670.50 and allowed interest and a counsel fee of $75.

The facts appear to be that William C. Ehret, a general contractor, entered into a contract with the New Jersey Department of Institutions and Agencies for the erection of a building at Skillman; that he contracted with John F. Greer, a subcontractor, to do certain of the work.   Greer then entered into a contract with plaintiff for the furnishing of labor and material and to do all the metal furring, lathing, corner bead and base bead work, in accordance with the plans and specifications, for the sum of $1,700.

Ehret, the general contractor, furnished the said bond to the New Jersey Department of Institutions and Agencies signed by the defendant as surety under the provisions of *R. S.* 2:60-207.

Greer defaulted on his contract.   The plaintiff having performed his work, and not having been paid, advised defendant of the situation and filed a notice of his claim and a stop-notice within the time and under the conditions prescribed by statute—*R. S.* 2:60-209.   His claim was for the full contract price of $1,700.   Ehret did not dispute the fact that plaintiff has a valid claim but did dispute the amount due him.   His contention was that but $264 was due which sum he offered to pay before suit was instituted and renewed the offer at the trial.

It appeared during the trial that the sum of $584.46 was paid by the defendant to a material man for metal lath used on the job which payment was authorized by the plaintiff. The proofs are not clear whether this payment was made before or after the notice of the claim was given by the plaintiff.

The complaint contains two counts. One for the amount due under the contract and the other on *quantum meruit*. The trial court found for the plaintiff on the *quantum meruit* count.

The argued grounds of appeal for convenience may be grouped into three parts which raise but three questions for our determination. First, did the court commit error by its failure to specify the facts upon which the amount of the judgment was based? We think not. Supreme Court rule 114 provides:

"Where only part of the material allegations put in issue are found for the prevailing party, the finding must indicate the *particular facts that are found.*"

Rule 113 provides:

"In trials without a jury, a finding of the facts in issue, signed by the trial judge, shall be filed and entered on the record. In actions in the Supreme Court the findings shall be included in the *psotea.* * * . *"

In pursuance to a notice of motion, a *postea* was presented. In it the trial court found:

"The court further finds that the plaintiff supplied labor performed by others than himself, and supplied trucking services, lath materials and nails, all of which labor and material were used in the construction of the public building at Skillman, under the general supervision of William Ehret, the general contractor. The court found the total amount of labor and materials supplied by the plaintiff to be the sum of $670.50, which amount the court found to be due to the plaintiff, together with interest from September 30th, 1935."

It is true that the court did not itemize these figures so as to show the amount allowed for each of the stated items of labor, materials and trucking expenses, however, we conclude that the *postea* does indicate clearly the *particular facts found*

as required by rule 113 and 114, *supra,* and there was no necessity nor useful purpose to be served for greater detail.

Second, did the court commit error in allowing interest and counsel fees? We think not. The argument of defendant is that under *R. S.* 2:60-209 recovery cannot be had on a contractor's bond for public works for payment of claims for labor, material and supplies, unless within a specified time he files "* * * *A statement of the amount due to him."* It is contended that this statute must be applied in the same manner as that relating to mechanic's lien claims, *R. S.* 2:60-130, which requires the claimant to file a bill of particulars stating the balance justly due and—

"* * * a willful or fraudulent misstatement in such bill of particulars of the matters above directed to be inserted in the claim shall free the lands and buildings from all liens for the matters mentioned in the claim."

Defendant's contention therefore is that the claim for $1,700 being $1,029.50 in excess of the judgment, was in violation of the statute and so illegal and a bar to recovery. We do not think that the two statutes under consideration are analogous and that they should require the same application. In the former recovery is based upon a bond the conditions of which were voluntarily undertaken. In the latter, recovery is based solely upon a liability imposed by statute and must, therefore, be more strictly construed. This distinction between the two statutes was clearly pointed out by this court in *J. Jacob Shannon & Co.* v. *Continental Casualty Co.,* 106 *N. J. L.* 200. Moreover, the Mechanic's Lien statute itself, *R. S.* 2:60-130, expressly provides that when the labor or materials or both are performed or furnished *by contract,* the claimant, "* * * need not state the particulars of such labor or materials further than by stating generally that certain labor therein stated was performed or certain materials therein stated were furnished *by contract at a price therein mentioned."*

Concluding the plaintiff's claim was not illegal defendant's argument by analogy seeking to deny interest, costs and counsel fees, falls. Nor is there any other reason to deny plaintiff's recovery of same. It is not contended that the attorney's

fee allowed was unreasonable. *R. S.* 2:60-210 expressly provides for the allowance of reasonable attorneys fees. In *J. Jacob Shannon & Co.* v. *Continental Casualty Co., supra,* interest was allowed and there, as here, part of the claim was disallowed. Interest in the instant case was computed only from the period beginning eighty days after the acceptance of the building. No right of action accrued under the bond until then, *R. S.* 2:60-209, and from that time payment being withheld on a just claim interest was allowable.

In view of the purpose of the statute, to give security to all persons furnishing labor and materials on public works, it would seem to follow that the surety should not be favored in the law as against such claimants. *Cf. E. J. Lavino & Co.* v. *National Surety Co.,* 104 *N. J. L.* 475, 478; *The First Mechanics National Bank* v. *New Jersey Brick and Supply Co.,* 112 *Id.* 218.

Third, is the amount of the verdict supported by the testimony? An examination of the proofs clearly shows that it was.

"Where a cause is tried by the court, without a jury, its findings, on questions of fact, are not reviewable by writ of error. All that can be reviewed is the sufficiency of the facts found to support the judgment." *City of Elizabeth* v. *Hill,* 39 *N. J. L.* 555 (at *p.* 557).

We have considered other points urged for reversal but find them to be without merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.