J-S80015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID BOWENS, | |
| Appellant | No. 718 EDA 2018 |

Appeal from the PCRA Order Entered June 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005367-2010

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 15, 2019**

Appellant, David Bowens, appeals *pro se* from the post-conviction court's June 6, 2017 order, which appears to dismiss, as untimely, his April 27, 2015 petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We vacate the PCRA court's order and remand for further proceedings.

On January 17, 2012, Appellant was sentenced to an aggregate term of 27½-55 years' imprisonment, imposed after he entered into a negotiated guilty plea to third degree murder, 18 Pa.C.S. § 2502(c), and other related offenses.  He did not file a timely post-sentence motion or a direct appeal.

The docket, in fact, shows that Appellant took no further action until January 15, 2014, when he filed, *pro se*, a "Motion for Modification of Sentence *Nunc Pro Tunc*."  Therein, he set forth various reasons supporting his request

for modification, including, *inter alia*, that his sentence constitutes double jeopardy, he did not receive a "fair assessment" by the court, and his trial counsel was ineffective because counsel did not file a direct appeal, should "have requested a merger[]," and did not argue diminished capacity. **See** Motion for Modification of Sentence *Nunc Pro Tunc*, 1/15/2014, at 1-3 (unnecessary capitalization omitted). Based on the docket, it appears that this motion went unacknowledged and unaddressed by the court below.

On April 27, 2015, Appellant filed, *pro* se, a PCRA petition, in which he raised a myriad of claims, including, among other things, that his sentence was unconstitutional, he was "spoofed" by his trial counsel to plead guilty, his counsel — "under false pretense" — failed to file an appeal, and his convictions should have merged for sentencing purposes. **See** PCRA Petition, 4/27/2015, at 3. Moreover, in that petition, he pointed out that his January 15, 2014 motion for modification of sentence remained pending, and he requested that the court appoint a lawyer to represent him. **Id.** at 4, 7.

Nearly nine months later, on January 29, 2016, David S. Rudenstein, Esq., entered his appearance on the docket. Over a year after that — on February 23, 2017 — Attorney Rudenstein filed a **Turner/Finley**[1] no-merit letter and a motion to withdraw. Therein, Attorney Rudenstein examined the issues presented in Appellant's April 27, 2015 PCRA petition, concluded that none have arguable merit, and represented that he could not find any issue

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

of arguable merit that could form the basis for PCRA relief after independently reviewing the record. **See** No-Merit Letter, 2/23/2017, at 5-8. In addition, Attorney Rudenstein stated in his no-merit letter:

> Counsel has inspected [Appellant's] other filing which was his [m]otion for [r]econsideration of [s]entence, filed *nunc pro tunc* on January 15, 2014. This counsel does not believe that the [m]otion should be deemed to be a PCRA filing. However, and even if it was so considered to be such a filing, [Appellant] did not file that until January 15, 2014, and hence, … even if a PCRA filing, it would still be out of time and there would be no exceptions.

**Id.** at 3-4. Attorney Rudenstein did not explain why Appellant's January 15, 2014 motion for modification of sentence should not be construed as a PCRA petition, nor did he specifically list and examine the issues Appellant raised in it.

On March 22, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. It briefly stated the reason for dismissal as: "Your attorney has determined that the issues raised in your *pro se* [PCRA] petition are without merit. Counsel's letter pursuant to … [**Turner/**]**Finley** … is attached." Pa.R.Crim.P. 907 Notice, 3/22/2017, at 1 (unnumbered pages).[2]

On March 28, 2017, Appellant filed a motion requesting that he receive an extension of time to respond to the Rule 907 notice and Attorney

---

[2] We remind the PCRA court that, when considering if counsel has satisfied the requirements to be permitted to withdraw, it "must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit." **Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa. Super. 2014) (citations omitted).

Rudenstein's no-merit letter. He alleged that he had not yet received the no-merit letter nor his file, despite purportedly requesting them from Attorney Rudenstein for months. **See** Appellant's Letter, 3/28/2017. He specifically asked the PCRA court for an extension of 30 days from his receipt of the no-merit letter to respond to the Rule 907 notice. **See id.** On April 26, 2017, the PCRA court granted Appellant's request for an extension of time. It ordered Appellant to file a response within 25 days, *i.e.*, by May 22, 2017. The record does not indicate that Appellant did so.

Thereafter, on June 6, 2017, the PCRA court dismissed Appellant's PCRA petition. It did not provide its reasons for doing so in its order. Instead, it merely set forth, "AND NOW, this 6th day of June, 2017, after consideration of the Motion to Dismiss PCRA by the Commonwealth[,] it is ORDERED that the Motion to Dismiss PCRA is GRANTED." PCRA Order, 6/6/2017, at 1 (single page). However, our review of the record does not show that the Commonwealth filed a motion to dismiss. The order, moreover, stated that the PCRA court served it on Attorney Rudenstein, among others, and that "907 Notice was sent." **Id.** Yet, the order — and the corresponding docket entry — did not demonstrate that the PCRA court served the order on Appellant.

Over eight months later, on February 15, 2018, Appellant filed a *pro se* notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his Rule 1925(b) statement, Appellant averred, *inter alia*, that:

- 4 -

4. [T]his appeal should not be denied. The fact is that [Appellant] never received a final order from the court. [Appellant] sent to the [c]ourt a communication requesting information regarding this matter. One docket sheet was provided by this [c]ourt [on] 11/6/17, in which [Appellant] then found out that his PCRA [petition] was denied.

5. A request was forwarded to [s]ecurity of this facility who handles all legal mail and found out that he never received legal mail in the month of June … 2018.

Pa.R.A.P. 1925(b), 2/15/2018, at 1 (unnumbered, single page; unnecessary capitalization omitted).

On April 2, 2018, the PCRA court issued a Rule 1925(a) opinion. In that opinion, it summarized the procedural history of this case as follows:

On January 15, 2014, Appellant filed a *pro se* Motion for Modification of Sentence *Nunc Pro Tunc*.[1] Subsequent thereto, on April 27, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed to represent him and on February 23, 2017, counsel filed a no-merit letter pursuant to [**Turner/Finley**] and a motion to withdraw as counsel.

[1] Under the law[,] this filing constituted a PCRA petition because the law provides that any document filed after the judgment of sentence becomes final must be treated as a petition for post-conviction relief, regardless of how a petitioner or counsel titles his filing. **See Commonwealth v. Kubis**, 808 A.2d 196, 199 (Pa. Super. 2002) (explaining that the PCRA is the sole means for obtaining collateral review and any petition filed after judgment of sentence is final is treated as a PCRA petition). Here[,] because Appellant did not file a post-sentence motion or a direct appeal within the time constraints set by law, his conviction became final thirty days after January 17, 2012, the date [his] sentence was imposed, which for purposes of appeal is considered a final order. **See** 42 Pa.C.S. § 9545(b) and Pa.R.A.P. 903(a) (indicating that an appeal must be filed within thirty days of the date of the order being appealed from is filed).

After carefully reviewing the record and Appellant's various filings, this [c]ourt determined that Appellant's filings were untimely and

- 5 -

that this [c]ourt lacked jurisdiction to address Appellant's various claims. Thus, on March 22, 2017, this [c]ourt sent Appellant [Rule] 907 notice advising him that his petition was going to be dismissed. He filed responses thereto and after this [c]ourt reviewed them along with the remainder of the case, on June 6, 2017, this [c]ourt carefully reviewed the matter after which it issued an order denying Appellant PCRA relief.

On February 15, 2018, Appellant filed a *pro se* [n]otice of [a]ppeal and a *pro se* [Rule] 1925(b) statement wherein he states, *inter alia*, that he never received a copy of the order dismissing his PCRA petition and first learned that it had been dismissed on November 6, 2017. He offered no explanation as to why he waited three plus months to file his notice of appeal after learning that his PCRA petition had been dismissed and this [c]ourt takes no position concerning the timeliness of his notice of appeal in light of the fact that the question of the timeliness of Appellant's filing of his [n]otice of [a]ppeal is for the Superior Court to decide.

PCRA Court Opinion (PCO), 4/2/2018, at 2-3. After summarizing this case's procedural history, the PCRA court explained that it lacked jurisdiction to address the claims Appellant raised in both his January 15, 2014 motion for modification and April 27, 2015 PCRA petition due to Appellant's failure to meet the PCRA's timeliness requirements. **See** PCO at 4-5.

Preliminarily, while we recognize that Appellant's February 15, 2018 notice of appeal from the PCRA court's June 6, 2017 order was untimely, we conclude a breakdown in the operations of the court occurred and decline to quash this appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) ("Generally, an appellate court cannot extend the time for filing an appeal. Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court.") (citations omitted); **Commonwealth v. Liebensperger**, 904

- 6 -

A.2d 40, 44 (Pa. Super. 2006) (entertaining an untimely appeal and observing that "[t]his Court has refrained from quashing an appeal as untimely where the trial court failed to properly advise the appellant of his appellate rights") (citation omitted).[3]

Looking now to the merits of Appellant's appeal, we have several concerns about the way in which the PCRA proceedings unfolded below. Initially, the record is unclear as to whether the PCRA court denied Appellant's January 15, 2014 motion for modification *and* his April 27, 2015 PCRA petition. Troublingly, the PCRA court made no mention of Appellant's January 15, 2014 motion until its Rule 1925(a) opinion.[4] The PCRA court's June 6, 2017 order did not convey that it was denying *both* Appellant's January 15, 2014 motion for modification and his April 27, 2015 PCRA petition. Additionally, in its Rule 907 notice, the PCRA court stated that it was dismissing Appellant's PCRA

_____

[3] We note that this Court issued a rule to show cause why Appellant's appeal should not be quashed as untimely filed. **See** Pa.R.A.P. 903(a) (requiring that a notice of appeal be filed within 30 days after the entry of the order from which the appeal is taken). Appellant filed a *pro se* response, in which he asserted that he never received the PCRA court's June 6, 2017 order. **See** Response to Rule to Show Cause, 6/6/2018, at ¶ 2.

[4] Therein, the PCRA court explained that it viewed Appellant's January 15, 2014 motion as a PCRA petition. **See** PCO at 2 n.1. It then analyzed its timeliness under the PCRA, and asked us to affirm its dismissal. **Id.** at 5. Nevertheless, the PCRA court had failed to appoint counsel to represent Appellant for this petition and allowed it to linger outstanding for years. **See** Pa.R.Crim.P. 904(c) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.").

petition because of Attorney Rudenstein's no-merit letter, which only focused on the claims raised in Appellant's April 27, 2015 PCRA petition. **See** Pa.R.Crim.P. 907 Notice at 1 (unnumbered pages); No-Merit Letter at 4, 5-8.[5] To add to the confusion, the Commonwealth seems to overlook Appellant's April 27, 2015 PCRA petition completely, omitting it entirely from its statement of the case. Commonwealth's Brief at 2.[6] We are unsure if this omission is an oversight, or if the Commonwealth thinks the April 27, 2015 PCRA petition was an amendment to Appellant's January 15, 2014 motion, rather than a separate filing. Thus, given these diverging positions and the lack of clarity

---

[5] We reiterate that Attorney Rudenstein did not believe that the January 15, 2014 motion for modification "should be deemed to be a PCRA filing[,]" although he provided no rationale for that assertion. **See** No-Merit Letter at 4. We note that "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. … [A]n untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 465, 467 (Pa. Super. 2013) (citation omitted).

[6] The Commonwealth states the history of the case as follows:

> On January 15, 2014, [Appellant] filed a *pro se* Motion for Modification of Sentence *Nunc Pro Tunc*, which the PCRA court treated as a PCRA petition. On February 23, 2017, appointed counsel filed a letter pursuant to [**Turner/Finley**], concluding that [Appellant's] petition was untimely, that there was no applicable exception to the jurisdictional time-bar, and his substantive claims were otherwise meritless. On June 6, 2017, the PCRA court dismissed [Appellant's] petition as untimely. [Appellant] appeals.

Commonwealth's Brief at 2.

in the record, it must be ascertained exactly which filing(s) the PCRA court is currently disposing of and its basis for doing so.

Furthermore, it appears that the PCRA court neglected to rule on Attorney Rudenstein's no-merit letter and motion to withdraw. Accordingly, Attorney Rudenstein still represents Appellant, and Appellant should not be proceeding *pro se* on appeal. We also observe that, to the extent the PCRA court mistakenly believed that it had permitted Attorney Rudenstein to withdraw, it did not properly notify Appellant that it dismissed his PCRA petition on June 6, 2017.[7] Given these multiple errors and ambiguities, we vacate the PCRA court's June 6, 2017 order and remand this matter for the PCRA court to address these unresolved issues.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19

---

[7] *See* Pa.R.Crim.P. 907(4) ("When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.").