J-S31021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALLACE JONES | : | |
| | : | |
| Appellant | : | No. 1721 EDA 2021 |

Appeal from the PCRA Order Entered August 11, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003682-2009

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 25, 2022**

Appellant Wallace Jones appeals from the order dismissing his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that his trial counsel was ineffective for failing to conduct an adequate pre-trial investigation and for failing to explain a plea offer to Appellant.  Appellant also argues that his appellate counsel was ineffective for failing to raise a sentencing claim on direct appeal.  We affirm.

A previous panel of this Court summarized the factual and procedural history of this matter as follows:

> During Appellant's trial, Joseph Johnson testified that on the evening of January 4, 2009, Appellant entered Johnson's home with another individual and struck Johnson's head with a gun,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

stating: "I'll leave you dead and stinking here." Appellant then shot Johnson in the face and fled. Johnson staggered outside in search of assistance and collapsed near the corner of Green and Berkley Streets. Rasheen Owens, a passerby, saw Johnson fall to the ground between 9:30 p.m. and 10 p.m. Owens called the police and stayed with Johnson until assistance arrived.

In his defense, Appellant presented three alibi witnesses, including his nephew, Carl Honeyblue, and Appellant himself testified. The thrust of Appellant's defense was that (1) on the evening of the shooting, he and other individuals attended a party at a location about 1.4 miles from Johnson's house; (2) he left the party at 10:00 p.m. to drive other partygoers home; and (3) he did not enter Johnson's house or shoot Johnson. Appellant admitted, however, that he had hired Johnson to perform manual labor but fired him one day before the shooting after they had an argument. Appellant also admitted having prior convictions for theft and criminal trespass.

The jury found Appellant guilty of attempted murder, aggravated assault and related offenses. On December 10, 2010, the trial court imposed an aggregate sentence of 20-40 years' imprisonment. On April 20, 2011, the trial court denied Appellant's post-sentence motions by operation of law. Appellant filed a timely direct appeal in this Court at No. 1163 EDA 2011. The trial court ordered Appellant to file a concise statement of errors complained of on appeal, but Appellant's attorney[, Jeremy-Evan Alva, Esquire (trial counsel),] failed to do so.

Appellant filed a brief at 1163 EDA 2011 arguing that he had discovered photographs that confirmed he was at the aforementioned party at the time of the break-in and shooting. On June 12, 2012, pursuant to Pa.R.A.P. 1925(c)(3), this Court entered a judgment order finding [trial counsel] ineffective for failing to file a concise statement. We also observed that the case was "complicated by a claim of newly discovered evidence in the form of photographs to corroborate Appellant's alibi defense. Neither this Court nor the trial court has had occasion to review that claim." *Commonwealth v. Jones*, No. 1163 EDA 2011, at 2-3 [(Pa. Super. filed June 12, 2012) (*Jones I*) (unpublished judgment order)]. Accordingly, we instructed the trial court to appoint new counsel for Appellant and directed new counsel to

> promptly review Appellant's "newly discovered evidence" claim of lately-recovered photographs and, in the interest of

judicial economy, pursue that claim while the case is on remand, in a motion for a new trial, because the trial court is in the best position to decide if a new trial is necessary. If the court denies Appellant a new trial, counsel shall timely file a notice of appeal and prepare, file and serve the trial court with a proper Rule 1925(b) statement, including any issues to be raised on appeal.

*Id.* at 3.

[The trial court subsequently appointed Stephen Thomas O'Hanlon, Esquire (appellate counsel) to represent Appellant. Although the prior panel of this Court had remanded this matter to the trial court to consider Appellant's claim of newly discovered evidence, o]n February 17, 2015, in lieu of a post-sentence motion relating to the [same] photographs, Appellant filed a PCRA petition raising a claim of after-discovered evidence under 42 Pa.C.S. § 9543(a)(2)(vi). On September 11, 2015 and May 10, 2016, the [trial] court held evidentiary hearings relating to Appellant's petition.

During the first hearing, Appellant introduced four photographs showing him with various other individuals between 9:09 p.m. and 9:24 p.m. on the evening of the shooting, January 4, 2009. Honeyblue testified that he took the photographs with a digital camera. He uploaded the photographs to his grandmother's computer but deleted them later. After trial, in 2011, Honeyblue recovered the photographs using an unidentified recovery software. He testified that his grandmother gave the computer to another one of his uncles (an uncle other than Appellant), and that he, Honeyblue, could have used the recovery software to obtain the photographs prior to Appellant's trial. When asked why he did not mention the photographs during his testimony at trial, Honeyblue stated: "I didn't see the relevance."

Appellant testified that he was aware of the photographs when he was arrested but believed that Honeyblue had deleted them, and he never asked his attorney to investigate whether they were accessible. Conversely, [trial] counsel testified that Appellant told him about the photographs prior to trial. [Trial c]ounsel then met with Honeyblue, who told [trial] counsel that "he couldn't get the photographs, for some reason, off a computer, or something like that." Neither Appellant nor [trial] counsel testified to taking any further steps.

\* \* \*

- 3 -

> At the conclusion of the hearing on May 10, 2016, the court denied the petition. Appellant timely appealed[.]

*Commonwealth v. Jones*, 1414 EDA 2016, 2018 WL 2295677 at *1-2 (Pa. Super. 2018) (*Jones II*) (unpublished mem.) (some citations omitted), *appeal denied*, 194 A.3d 123 (Pa. 2018) (*Jones III*).

On direct appeal, Appellant argued that the trial court erred in denying his motion for a new trial based on after-discovered evidence. *Jones II*, 2018 WL 2295677 at *2. This Court agreed with the trial court that Appellant failed to exercise reasonable diligence to determine if Honeyblue could recover the photographs prior to trial. *Id.* at *3. Additionally, this Court stated that the photographs were "cumulative of alibi evidence presented by multiple defense witnesses during trial that Appellant was attending a party on the evening of the shooting." *Id.* at *4. Lastly, this Court concluded that the photographs would not have resulted in a different verdict because "the Commonwealth still would have been able to argue persuasively that Appellant left the party after 9:24 p.m., traveled 1.4 miles to Johnson's house and assaulted Johnson close to 10:00 p.m." *Id.* This Court affirmed the trial court's order denying Appellant's motion for a new trial and our Supreme Court denied his petition for allowance of appeal on September 18, 2018.

The PCRA court summarized the subsequent procedural history as follows:

Appellant filed the instant PCRA petition on December 19, 2018.[2] On July 31, 2019, Peter Levin, Esquire, entered his appearance on Appellant's behalf and filed an amended PCRA petition on October 27, 2019. On January 30, 2020, the Commonwealth filed a motion to dismiss. On February 26, 2020, Appellant filed a supplemental amended PCRA petition focusing solely on the issue of the guilty plea.[fn1]

> [fn1] Appellant, in filing his supplemental amended PCRA petition, did not abandon his other two issues, but rather was supplementing his guilty plea issue. This court reviewed all three of Appellant's PCRA issues and determined that only the guilty plea issue warranted an evidentiary hearing.

> *   *   *

> On July 28, 2020, this court granted an evidentiary hearing primarily to explore Appellant's allegation regarding whether or not the plea offer was properly explained to him. [Both Appellant and trial counsel testified at the April 30, 2021 evidentiary hearing.]

PCRA Ct. Op., 12/9/21, at 3 (formatting altered).

The PCRA court dismissed Appellant's PCRA petition on August 11, 2021.

Appellant then filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises following issues for our review:

1. Whether the court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective for failing to investigate and pursue the photographic evidence?

---

[2] This matter was tried before the Honorable Sandy L.V. Byrd, who also presided over Appellant's request for a new trial based on after-discovered evidence. *See* Trial Ct. Op., 10/11/11, at 1; Trial Ct. Op., 6/27/17, at 1. However, because of Judge Byrd's pending retirement, this matter was reassigned to the Honorable Tracy Brandeis-Roman on December 19, 2019.

2. Whether the court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective for failing to adequately explain the guilty plea offer?

3. Whether the court erred in not granting relief on the PCRA petition alleging appellate counsel was ineffective for failing to appeal the denial of the motion to reconsider sentence?

Appellant's Brief at 7.

### Jurisdiction

Before we address the merits of Appellant's PCRA claims, we first consider whether we have jurisdiction over this appeal. *See Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (reiterating that because the timeliness of a PCRA petition implicates our jurisdiction, we may consider the issue *sua sponte*). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

"A PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights." *Commonwealth v Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000). A premature PCRA petition is a legal nullity. *See Commonwealth v. Smith*, 244 A.3d 13, 17 (Pa. Super. 2020); *see also Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) (stating that a "premature petition does not constitute a first PCRA petition").

When an appellate court remands a case on direct appeal for the trial court to consider a claim of after-discovered evidence, the judgment of sentence is not final. **See, e.g.**, **Commonwealth v. Crumbley**, 270 A.3d 1171, 1175 (Pa. Super. 2022), *appeal denied*, --- A.3d ---, 110 WAL 2022, 2022 WL 4091175 (Pa. filed Sept. 7, 2022). The judgment of sentence only becomes final after the defendant exhausts his direct appeal rights following the trial court's denial of the request for a new trial. **See id.** at 1175 & n.4.

Here, after Appellant timely appealed from his December 10, 2010 judgment of sentence, this Court remanded the matter for the trial court to conduct an evidentiary hearing on Appellant's after-discovered evidence claim. **See Jones I**, 1163 EDA 2011, at 3. Following remand, on February 17, 2015, Appellant filed a PCRA petition raising the same after-discovered evidence claim included in this Court's remand. However, because Appellant's judgment of sentence was not yet final, that PCRA petition was a legal nullity. **See Smith**, 244 A.3d at 17.

After the trial court denied Appellant's request for a new trial, Appellant filed a timely notice of appeal. This Court affirmed on May 21, 2018. **See Jones II**, 2018 WL 2295677, at *1. Our Supreme Court denied Appellant's petition for allowance of appeal on September 18, 2018. **Jones III**, 194 A.3d at 123. Therefore, Appellant's judgment of sentence became final on December 17, 2018, the date on which the time to file a petition for a writ of *certiorari* in the Supreme Court of the United States expired. **See Crumbley**, 270 A.3d at 1175 & n.4; 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13.

Appellant timely filed his first *pro se* PCRA petition on December 19, 2018. **See** 42 Pa.C.S. § 9545(b)(1); **see also Kubis**, 808 A.2d at 198 n.4 (stating that a "premature petition does not constitute a first PCRA petition"). Because Appellant timely filed the instant PCRA petition, this Court has jurisdiction to consider his claims and we proceed to the merits of Appellant's issues.

**Trial Counsel's Pre-Trial Investigation**

In his first issue, Appellant argues that trial counsel was ineffective for failing to investigate if the photographs of him at a party on the night of the shooting could be recovered. Appellant's Brief at 15-18. Appellant notes that trial counsel testified during the 2015 evidentiary hearing that he met with Honeyblue, who told trial counsel that he could not recover the photographs from his computer. **Id.** at 16. Appellant claims that there was no reasonable strategic basis for trial counsel's failure to investigate software that could recover deleted photographs. **Id.** at 16-17. Appellant contends that counsel's omission prejudiced him because the photographs were "evidence crucial to Appellant's alibi defense[.]" **Id.** at 17.

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the

- 8 -

evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief.  Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success.  Counsel's decisions will be considered reasonable if they effectuated his client's interests.  We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.  Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019)

(citations omitted and formatting altered).

It is well settled that "[c]ounsel has a duty to undertake **reasonable** investigations . . . ." *Commonwealth v. Tedford*, 960 A.2d 1, 39 (Pa. 2008) (citation omitted and emphasis in original).

- 9 -

When this Court addresses the merits of an issue on direct appeal, that holding constitutes the law of the case with respect to that issue. **See Commonwealth v. Reed**, 971 A.2d 1216, 1220 (Pa. 2009). Further, because a ruling on the merits of the issue is the law of the case, it constrains this Court's review of the same issue in subsequent collateral proceedings, even if it is nested in an ineffective assistance of counsel claim. **See id.** at 1220, 1227.

Here, the PCRA court explained:

This issue has been previously litigated in the Pennsylvania Superior Court and it was determined that even if the photographic evidence had been presented that it would not have changed the outcome of Appellant's trial. Appellant's nephew, Honeyblue, both told [trial counsel] that he could not recover the allegedly deleted photographs and testified at a prior hearing on September 11, 2015[,] that he did not mention the alibi photographs during trial because he "didn't see the relevance" of the alibi photographs. Based on all relevant facts, it would appear that Honeyblue was responsible for the lack of photographic evidence at Appellant's trial, and such evidence would not have changed the outcome of Appellant's trial.

PCRA Ct. Op. at 7.

Our review of the record confirms that a prior panel of this Court previously addressed Appellant's after-discovered evidence claim and concluded that it was meritless. **See Jones II**, 2018 WL 2295677 at *4 (concluding that even if the photographs were presented at Appellant's trial, they would not have affected the outcome). Because this Court's prior ruling on the merits of Appellant's claim constitutes the law of the case, Appellant cannot establish that he was prejudiced by trial counsel's failure to investigate

the methods used to recover the photographs. *See Reed*, 971 A.2d at 1227 (affirming denial of PCRA claim that trial counsel was ineffective because this Court previously held that the underlying issue was meritless on direct appeal). Accordingly, Appellant is not entitled to relief on this claim.

**Trial Counsel's Plea Advice**

Appellant next argues that trial counsel was ineffective for failing to adequately advise him regarding the Commonwealth's plea offer. Appellant's Brief at 18-22. Appellant contends that trial counsel informed him that the Commonwealth had made a plea offer with a sentencing recommendation of eight to twenty years' incarceration, but trial counsel failed to advise Appellant to accept it because he believed that Appellant wanted to go to trial. *Id.* at 20. Specifically, Appellant claims that trial counsel "failed to fully disclose the particulars of the plea offer or explain the merits of the offer, as opposed to standing trial." *Id.* Appellant asserts that if counsel had explained the effect that Appellant's prior convictions would have on the sentencing guidelines, Appellant would have accepted the Commonwealth's plea offer. *Id.* at 21. Appellant also argues that the PCRA court erred to the extent it considered the delay in presenting this claim on collateral review. *Id.* at 18-19.

A PCRA petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and

- 11 -

that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super. 2015) (quoting

*Lafler v. Cooper*, 566 U.S. 156, 164 (2012)).

Here, the PCRA court explained:

At the evidentiary hearing held on April 30, 2021, Appellant testified to the following:

> Appellant: I had a meeting with [trial counsel] right before trial. I'm not sure if I brought it up or if he just simply informed me, because it was said so nonchalantly, just like a passing thought. He just told me the DA offered the deal and that was it. And [that] it was for 8 to 20 years. He didn't explain -- he said, Oh, but we're going to trial, right? And he didn't explain anything else further than that to me. The affirmative way that he asked me about, you know, going to trial and, you know, the confidence that was all displayed about going to trial, I took all of that as, you know, advice and guidance. And then, um, it was other issues which he had actually sat me down and talked to me about. Like when he talked to me about the temperament of Judge Byrd and how basically it was imperative that I take a jury trial over a bench trial. You know, I had the time to sit and think and talk to my family and relay this information and to get their advice. I just wish that he had given me that chance for this issue.

[N.T. PCRA Hr'g, 4/30/21, at 9-10].

At the same hearing, [trial counsel] testified about discussions he had with Appellant regarding the plea offer.

> [Trial Counsel]: My first meeting with [Appellant] was at CFCF in the official visiting area. At that point, there was no discussion of any plea offer. I was appointed counsel and it is not a good way of meeting somebody who had a private lawyer ahead of time and you're court appointed to start talking about plea offers. I informed [Appellant] who I was, I work for nobody but him, I'm paying him out of my own tax-paying dollars, this is who I am. You can ask around

- 12 -

the prison who I am and such and we'll go from there. I informed him if I was his attorney, I would try to get him the best [offer possible] and give him the best defense possible. He informed me he wanted to hire Shaka Johnson, I said he's a fine lawyer, go ahead, do what you need to do. I think [Appellant] told me at that initial meeting that he's not taking any offer, he has an alibi. I said, that's fine, I still have to convey any and all offers. Those were our discussions.

[N.T. PCRA Hr'g, 4/30/21, at 37-38].

Although the testimony of Appellant conflicted with the testimony of [trial counsel], this court did not determine that either Appellant or [trial counsel] were not credible.[fn2] Although this made determining the merit of this issue difficult, this court considered two factors before determining this issue to be meritless. This court first considered that this issue was not brought within one year of when Appellant could have presented this claim.

> [fn2] Appellant did not appear to be testifying untruthfully, but rather that he appeared to be remembering events from his trial differently than how they occurred due to the length of Appellant's matter.

\* \* \*

It is clear that Appellant was aware of any potential sentencing issues on December 10, 2010, when he was informed of his sentence. Appellant did not raise any issues regarding this plea offer until December 19, 2018, over eight years after being sentenced, and instead focused solely on the alibi photograph issue.

Additionally, this court was also unconvinced that Appellant would have taken a plea offer regardless of how it was conveyed to him. This is due to the procedural history of this case and to the fact that Appellant consistently alleged that the photographic evidence that supported his alibi defense would exonerate him. Despite claiming that he believed [trial counsel] had not properly informed him of the plea offer, Appellant waited eight years before filing any claims regarding the sufficiency of [trial counsel's] explanation of the plea offer. As stated *supra*, Appellant testified at the evidentiary hearing that he had been informed before trial that there was a plea offer of eight to twenty years, and at the very latest should have known by his sentencing that he felt [trial

- 13 -

counsel's] explanation of the plea offer was insufficient. If either Appellant or [appellate counsel] believed that [trial counsel] failed to provide a sufficient explanation of the plea offer, then this court cannot comprehend why it was not raised by Appellant at any earlier point.

Appellant first raised the issue of whether or not [trial counsel] sufficiently explained the plea offer in his December 19, 2018 PCRA petition. In conjunction with the testimony from the evidentiary hearing, Appellant's decision to go [to] trial rather than accept the plea offer does not appear to have been the result of ineffective assistance of counsel on [trial counsel's] behalf.

> [The Commonwealth]: Your testimony is that at none of your prior pleas, not one, was there ever a discussion about prior record score or gravity score or sentencing range?
>
> Appellant: No. I never had those types of decisions. They were actually minor offenses. I don't want to say they were minor, but they weren't offenses to this magnitude. My thing was, What's the deal? Give me the deal. What's the deal? I didn't even worry or know about gravity scores or points or anything like that. It was just like, okay, what's the deal? Give me the deal.

[N.T. PCRA Hr'g, 4/30/21, at 28].

> [The Commonwealth]: [Appellant], did you understand that all of the charges [that] you were facing in this trial, you could have gone to prison for over 100 years, right?
>
> Appellant: I never heard that until today, but I do know that I was facing serious charges, which is why I said I was confident in my alibi. I was confident in my alibi witnesses. But, yet, at the same time, if [trial counsel] had sat down and explained everything to me and explained the deal and everything else outside of the deal to me, what I would be facing in sentencing if found guilty, I would have chosen to go ahead and take the deal. As you can see from my prior record, you can call me the deal king. I have taken deals. So there would be -- so that even proves more to the point that if he had explained everything to me and this is my first trial ever, that I would have taken the deal if he explained all of that to me.

[The Commonwealth]: Sir, you just said you would have taken the deal because you're the deal king, right?

Appellant: I said from my prior records, you can see that.

[The Commonwealth]: That's what you just said, right?

Appellant: But they were minor offenses. They were probation deals, right. I didn't know about -- I didn't know -- I didn't know that I would be facing a minimum of a 17-and-a-half year sentence, you know, I mean, if I was found guilty, you know what I mean, in this case?

[N.T. PCRA Hr'g, 4/30/21, at 30-31].

As can be seen from Appellant's own testimony, Appellant not only stated that he was confident in his own alibi witnesses but also that the previous plea offers he accepted were plea offers of probation, not plea offers of any term of incarceration. Further, Appellant's own testimony is contradictory. Appellant alleged that [trial counsel] did not explain anything to Appellant. However, Appellant had previously stated that [trial counsel] did in fact explain other issues to him prior to trial. This discrepancy was one that this court could not ignore as it directly affected Appellant's credibility.[fn4] What is clear is that Appellant had taken plea offers on minor charges, that Appellant had alibi witnesses and photographs that likely influenced Appellant to go to trial rather than to plead guilty, that Appellant waited eight years to raise the issue regarding [trial counsel's] explanation of the plea offer, aligning with the minimum sentence of the plea offer, and that Appellant changed his repeated defense of actual innocence to a defense that he would have accepted the plea offer, which paints Appellant's testimony as unreliable.

> [fn4] Again, this court does not believe that Appellant was being dishonest, but rather it appears from his testimony that Appellant may be misremembering the history of his own case due to the length of his matter.

Therefore, Appellant's [plea] issue is meritless.

PCRA Ct. Op. at 11-14 (some footnotes and citations omitted, and formatting altered).

Although we conclude that Appellant is not entitled to relief, we disagree with the PCRA court's finding that Appellant waited eight years to challenge trial counsel's ineffectiveness in connection with his guilty plea. As discussed previously, Appellant's judgment of sentence did not become final until December 17, 2018, and generally a claim of ineffective assistance of trial counsel must be deferred to collateral review under the PCRA. **See Crumbley**, 270 A.3d at 1175 & n.4 (discussing when a judgment becomes final for PCRA purposes); **see also Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) (holding that, as a general rule, claims of ineffective assistance of counsel should be raised on collateral review), *abrogated on other grounds*, **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021) (holding that a PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even on appeal from the denial of a PCRA petition).[3]

In any event, the PCRA court also concluded that Appellant could not establish that it was trial counsel's deficient advice that caused him to reject the plea offer and proceed to trial. **See** PCRA Ct. Op. at 12-14. Specifically, the PCRA court found that Appellant rejected the plea offer because he "was confident in his own alibi witnesses." **Id.** at 13; **see also** N.T. PCRA Hr'g, 4/30/21, at 30, 38. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. **See Sandusky**, 203 A.3d at 1043. Therefore, we agree with the PCRA court that Appellant has failed

---

[3] **Bradley** is not applicable to the instant case because Appellant has not raised any claims of PCRA counsel's ineffectiveness.

- 16 -

to prove that, but for trial counsel's advice, Appellant would have accepted the plea offer. *See Steckley*, 128 A.3d at 832.

**Appellate Counsel's Failure to Raise Sentencing Issue**

Lastly, Appellant argues that appellate counsel was ineffective for failing to raise a challenge to the discretionary aspects of sentencing on direct appeal. Appellant's Brief at 22-23. Appellant contends that trial counsel preserved a meritorious challenge to the discretionary aspects of his sentence in a post-sentence motion. *Id.* Appellant claims that "there was no reasonable basis for appellate counsel not to raise this issue." *Id.* at 23. Appellant also asserts that he "suffered actual prejudice as a result of appellate counsel's failure to raise this issue. As a result of appellate counsel's failure, the issue could not be argued on appeal." *Id.*

In order to establish prejudice with respect to a claim of ineffective assistance of appellate counsel, "the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014). Appellate counsel may strategically decide to not pursue weaker claims "in favor of pursuing claims that counsel believes offer a better chance of relief." *Commonwealth v. Pou*, 201 A.3d 735, 740-41 (Pa. Super. 2018) (citation omitted).

In the instant case, Appellant presents only boilerplate assertions that his claim has arguable merit, that appellate counsel lacked a reasonable basis

for failing to raise his sentencing claim on appeal, and that he was prejudiced as a result. Notably, Appellant fails to discuss why his underlying sentencing claim has arguable merit. Boilerplate assertions are not sufficient to satisfy Appellant's burden to prove appellate counsel was ineffective. **See Sandusky**, 203 A.3d at 1044. Therefore, Appellant is not entitled to relief on this claim.

In any event, if Appellant had developed his claim of appellate counsel ineffectiveness, we would affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Op. at 9-10 (concluding that appellate counsel was not ineffective for focusing solely on the alibi claim on direct appeal).

For the reasons set forth herein, we conclude that there was no error of law in the PCRA court dismissing Appellant's PCRA petition. **See Sandusky**, 203 A.3d at 1043-44. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2022