J-A05013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WARREN KEITH | : | |
| | : | |
| Appellant | : | No. 158 WDA 2024 |

Appeal from the Order Entered January 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006596-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WARREN KEITH | : | |
| | : | |
| Appellant | : | No. 969 WDA 2024 |

Appeal from the Order Entered January 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013825-2011

BEFORE:   MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E. [*]

MEMORANDUM BY MURRAY, J.:                    **FILED: March 3, 2025**

Warren Keith (Appellant) appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pa.C.S.A. §§ 9541-9546.[1]  This case returns to us following our March 1, 2024, remand for the PCRA court to determine whether 1) Appellant's petition was his first under the PCRA, and 2) Appellant had waived his right to court-appointed counsel.  Because we conclude Appellant was denied his rule-based right to counsel during his PCRA proceedings, we reverse the PCRA court's order denying Appellant's first PCRA petition and remand for further proceedings.

In April 2011, the Commonwealth charged Appellant, at trial court docket number 6596-2011 (No. 6596-2011), with rape of a child and several related offenses arising out of the rape of his minor daughter (Complainant).

On October 24, 2011, Appellant appeared before the trial court[2] for the start of his jury trial.  The record reflects that, at that time, Appellant stared at Complainant's mother, A.K., who was seated behind Appellant in the courtroom, and mouthed, "Die" several times.  Appellant ignored the deputy sheriff's directives to turn around and look straight ahead.  Appellant later refused to affirm the oath as he was sworn in, and was generally uncooperative.  As Appellant was being led from the courtroom in shackles,

---

[1] As we discuss *infra*, Appellant styled his *pro se* filing as a motion for leave to file a *nunc pro tunc* appeal from his 2012 judgments of sentence.

[2] The Honorable Donna Jo McDaniel presided over Appellant's court proceedings.

he broke away from the deputy sheriff and lunged toward A.K. Another police detective prevented Appellant from striking A.K. However, in the process, Appellant broke four chairs and injured the detective, as well as another individual who was seated in the gallery. Based on this incident, the Commonwealth charged Appellant, at trial court docket number 13825-2011 (No. 13825-2011), with aggravated assault and related offenses.

Appellant entered a negotiated guilty plea at both dockets on March 14, 2012. At No. 6596-2011, Appellant pled guilty to rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, statutory sexual assault, unlawful restraint, false imprisonment, indecent assault – complainant less than 13 years of age, terroristic threats, endangering the welfare of a child, and corruption of minors.[3] At No. 13825-2011, Appellant pled guilty to one count each of intimidation of a witness, criminal attempt – escape, terroristic threats, institutional vandalism, and criminal mischief; two counts of aggravated assault; three counts of assault by a prisoner; and seven counts of recklessly endangering another person.[4] On the same date, the trial court sentenced Appellant to an aggregate 10 to

_____

[3] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3122.1, 2902(a)(1), 2903, 3126(a)(7), 2706(a)(1), 4304(a)(1), 6301(a)(1)(i).

[4] 18 Pa.C.S.A. §§ 4952(a)(1), 901, 3307(a)(3), 3304(a)(2), 2702(a)(1), 2703, 2705.

20 years in prison. Appellant did not file a post-sentence motion or a direct appeal.

More than a decade later, on October 13, 2023, Appellant filed a *pro se* document at both dockets, seeking leave to file an appeal, *nunc pro tunc*. Appellant purported to appeal from an order dated September 20, 2023.[5] Further, Appellant argued he had recently discovered Judge McDaniel displayed judicial bias during his guilty plea and sentencing proceedings.[6] **See** Motion for Leave to Appeal *Nunc Pro Tunc*, 10/13/23, ¶¶ 2-4. The trial court denied Appellant's request to file a *nunc pro tunc* appeal on January 9, 2024.

Appellant subsequently filed in this Court a notice of appeal listing both docket numbers. Additionally, Appellant filed a motion for appointment of counsel.

On March 1, 2024, this Court entered an order stating, "Appellant is appealing from the January 9, 2024[,] order dismissing what appears to be Appellant's first PCRA petition." Order, 3/1/24; **see also Commonwealth v. Kubis**, 808 A.2d 196, 199 (Pa. Super. 2002) (explaining that "the PCRA provides the sole means for obtaining collateral review and that any petition

---

[5] There is no trial court order appearing on the docket for that date. In its opinion, the trial court clarified it was constrained to deny Appellant's request due to the absence of any September 20, 2023, order in the record. Trial Court Opinion, 2/28/24.

[6] Appellant alleged Judge McDaniel was found guilty of judicial misconduct. Our review discloses Judge McDaniel retired on January 31, 2019.

filed after the judgment of sentence becomes final will be treated as a PCRA petition."). This Court also emphasized that Appellant had not been appointed counsel. *Id.* We remanded the matter to the PCRA court with the following instruction:

> Within 30 days of the date of this Order, the PCRA court … is **DIRECTED** to clarify whether the instant PCRA petition was Appellant's first PCRA petition filed at this docket number, and if so, whether Appellant waived his right to court-appointed counsel. If the instant petition constituted Appellant's first and Appellant did not waive his right to counsel, the PCRA court is **DIRECTED** to appoint counsel to represent Appellant, and the PCRA court shall notify this Court in writing forthwith. If Appellant previously filed a PCRA petition at this docket number, or if Appellant waived his right to counsel for the instant petition, the PCRA court shall notify this Court in writing forthwith so that the appeal may proceed.

*Id.*

On remand, the PCRA court confirmed Appellant had not previously filed any other PCRA petitions. The PCRA court also appointed PCRA counsel to represent Appellant. Order, 4/1/24. The PCRA court retransmitted the certified record to this Court. This Court thereafter issued a new briefing schedule.

On June 18, 2024, this Court dismissed the appeal due to Appellant's failure to file an appellate brief. PCRA counsel filed a motion for remand for PCRA proceedings, or in the alternative, for reinstatement of Appellant's

appeal. This Court reinstated Appellant's appeal on July 15, 2024.[7] Both parties have filed appellate briefs.

Appellant raises the following issue for review:

> Did the PCRA court err in failing to treat Appellant's *pro se nunc pro tunc* appeal as a request for post-conviction relief and [in] failing to appoint counsel for a counseled review?

Appellant's Brief at 3 (some capitalization modified).

Appellant argues he was denied his right to counsel for his first PCRA petition. *See id.* at 9-12. Appellant requests the case be remanded for further PCRA proceedings.[8] *See id.*

Pennsylvania Rule of Criminal Procedure 904(C) mandates the appointment of counsel to represent indigent first-time PCRA petitioners:

> [W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(C). "[T]he appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal

_____

[7] On August 1, 2024, this Court entered an order directing Appellant to file amended notices of appeal, one at each docket number. Order, 8/1/24 (citing **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket) and **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021) (permitting appellate courts to allow for correction when a timely appeal is erroneously filed at only one docket)). Appellant complied, and this Court consolidated the appeals for review.

[8] PCRA counsel indicates his willingness to proceed as counsel on remand.

from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2).

Here, as we recognized in our March 1, 2024, order, the PCRA court did not appoint counsel to represent Appellant during the pendency of his PCRA proceedings. On remand, the PCRA court confirmed the instant petition is Appellant's first filed under the PCRA. Order, 4/1/24. Further, it is clear from the court's appointment of PCRA counsel that Appellant did not waive his rule-based right to counsel.[9]

Appellant, through PCRA counsel, aptly noted the following in his appellate brief:

> Had counsel been appointed upon the filing of the subject motion, counsel could have consulted with Appellant to ascertain precisely what relief was being sought, and which course of action should have been pursued on Appellant's behalf. Moreover, as appointed counsel may amend a [PCRA petition], Appellant would not be necessarily "locked into" the original action contemplated in the *pro se* filing and counsel could possibly pivot to other avenues of seeking post-conviction relief. Most importantly, Appellant would not have been put into the position to have to file a *pro se* appeal from the denial of the originally filed motion.

Appellant's Brief at 10-11 (footnote omitted). Because PCRA counsel was not appointed until **after** Appellant filed an appeal in this Court, Appellant was denied the assistance of counsel in the PCRA court's proceedings. *See*

---

[9] We also note that Appellant previously filed in this Court a motion for appointment of counsel. There is no indication from the record before us that Appellant stated he wished to waive his right to counsel. Similarly, the PCRA court did not conduct a *Grazier* hearing. *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

*generally Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006) ("The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation.").

Based upon the foregoing, we reverse the PCRA court's order denying Appellant's first PCRA petition and remand for further proceedings. On remand, appointed counsel shall be permitted to file an amended PCRA petition on Appellant's behalf.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/03/2025